CHARLES S. BARTHOLF, Appellant, *vs.* AUGUSTA F. BENSLEY, Appellee.

*Opinion filed April 23, 1908—Rehearing denied June 5, 1908.*

1. MORTGAGES—*equitable rules govern in foreclosure.* In a suit to foreclose a lien against land the rights of the parties are governed by the law as administered in courts of equity, and not by the rules that would obtain in an action to recover judgment upon the note secured.

2. SAME—*assignee of mortgagee takes subject to existing equities between parties.* Mortgages and trust deeds are not assignable at law, and one who purchases them takes subject to the same defenses that existed between the original parties.

3. SAME—*when maker of note is entitled to have rents collected by assignor credited upon note.* Where a person purchases a note and trust deed without giving notice in any form to the maker, thereby enabling the assignor to continue to collect rent from the property, which he appropriated to his own use instead of crediting it upon the note in accordance with his agreement with the maker, the latter is entitled, as against the assignee, to have credited upon the note the rent collected and misappropriated before he received notice of the assignment.

4. SAME—*when bill to foreclose is prematurely filed.* A bill to foreclose a trust deed, filed by an assignee before the maturity of the note upon the ground of default in payment of interest, should be dismissed as being prematurely filed, where it appears that by reason of the assignee's negligence in failing to notify the maker of his purchase the assignor was enabled to collect, and appropriate to his own use, enough rent from the maker's property to fully pay the interest due, and which, under his agreement with the maker, it was his duty to pay from the rents so collected.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

The bill in this case was filed by appellant in the circuit court of Cook county to foreclose a trust deed upon certain real estate. The note secured by the trust deed was executed by appellee for $3000, dated November 15, 1905, due January 1, 1907, with interest at six per cent per annum, the interest payable January 1 and July 1 of each year. The note was made payable to the order of appellee and was by her endorsed and delivered to Henry W. Howe. The Chicago Title and Trust Company was made trustee in the trust deed made to secure its payment. At the time the note was executed and delivered to Howe appellee was not indebted to him but the note was given in anticipation of her thereafter becoming indebted to him. At the time the note and trust deed were executed and delivered to Howe there was a first mortgage on the property described in the trust deed, together with other property, for $30,000, held by the Massachusetts Mutual Life Insurance Company. This indebtedness was due, together with some interest in arrears, and default had been made by appellee in the payment of taxes on the property. The agreement and consideration for the $3000 note and trust deed from appellee to Howe was that Howe was to pay the past due interest on the $30,000 mortgage, the taxes on the propery, and, if possible, negotiate a

new loan for five years for said $30,000 or procure its extension for that period with the company holding the note and mortgage. For his services in procuring this new loan or the five-year extension he was to receive a commission of $750. Appellee assigned Howe the rents of the property for a period of two years, or longer, if necessary, which he was to collect, and after retaining a commission of three per cent for collecting said rents he was to apply the remainder to the re-imbursement of the expenditures made by him on account of taxes, interest and repairs on the property. The excess above the amount necessary to pay off and discharge the $3000 note was to be applied by him upon the $30,000 loan. He was also to receive $200 commissions upon the $3000 note. Howe's agreement with appellee is in the form of a written communication addressed to her by him under date of November 25, 1905. Among other things it states: "We agree to collect the rents, credit your account for same, and if for any reason our contract for the loan of $30,000 should not be carried out, it is understood that this loan of $3000 is to represent only the amount due on the same, not including the commissions of $750 referred to." Howe did not succeed in procuring either a new loan for $30,000 or an extension of it, but on the 27th of November, 1905, he paid the Massachusetts Life Insurance Company $734 interest, and December 1 of the same year he paid $830.67 taxes then in default. His books show that on December 1, 1905, he also paid $7 insurance and on December 4 eighty cents interest. December 5, 1905, he sold the $3000 note and trust deed to appellant for $2000. At that time he had paid out, under his agreement with appellee, $1572.47. On the first day of February, 1906, Howe committed suicide, and on the next day appellant wrote appellee a letter notifying her that he held her $3000 note and trust deed and requested payment of the interest coupon due January 1. The assignment of the trust deed was not recorded, and no notice had been given her either by appellant or Howe, previ-

ous to this time, of the assignment of the note and trust
deed, and this was the first knowledge or intimation she had
that the note had been assigned by Howe.  Previous to the
assignment of the note Howe collected $130 rents from ap-
pellee's property, and after the assignment of the note to
appellant, and before his death, Howe collected additional
rents amounting to $710.  Upon receipt of appellant's no-
tice that he held the note and mortgage appellee set about
investigating the facts concerning the matter, and appears
to have been unable to learn from appellant how much he
paid Howe for the note but through other sources learned
that he had paid $2000.  Appellee then undertook to effect
a settlement with appellant, and negotiations to that end
were carried on through appellee's son and her counsel with
appellant for a considerable period of time, but finally re-
sulted in nothing being accomplished.  During these negoti-
ations appellee tendered appellant interest on $2000, but he
declined to accept it.  His contention, as shown by the evi-
dence, was, that he had a lien for $3000, and he refused to
accept interest on any less sum.  The parties being unable
to arrive at any agreement, on the 27th of August, 1906,
appellant filed his bill to foreclose the trust deed.  At the
same time he applied for and obtained the appointment of
a receiver for the property.  After answer filed, the cause
was referred to a master in chancery to take proofs and re-
port his conclusions.  The master found that there was due
Howe on the note at the time he assigned it to appellant,
$1663.92, to which sum were added interest from Decem-
ber 5, 1905, $109.23; amount paid for judgment search $5,
and solicitor's fees $100, making a total of $1878.15, for
which amount the master recommended a decree for fore-
closure and sale.  The court, after overruling exceptions of
appellee to the master's report, entered a decree approving
and confirming the report and for foreclosure and sale as
recommended by the master.  From that decree the appellee
prosecuted an appeal to the Appellate Court.  That court re-

versed the decree of the circuit court and remanded the case, with directions to dismiss the bill for want of equity, and appellant has prosecuted this appeal from the judgment of the Appellate Court.

DONALD L. MORRILL, for appellant.

THOMAS G. VENT, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

As this is a suit in equity to foreclose a lien against real estate, the rights of the parties are governed by the law as administered in courts of equity and not by the rules that would obtain if an action at law had been begun to procure a judgment upon the note. This court held in *Olds* v. *Cummings,* 31 Ill. 188, that mortgages and trust deeds not being assignable at law, the assignee takes them subject to the same defenses that existed between the original parties. In that case it was said (p. 191): "He who buys that which is not assignable at law, relying upon a court of chancery to protect and enforce his rights, takes it subject to all infirmities to which it is liable in the hands of the assignor; and the reason is, that equity will not lend itself to deprive a party of a right which the law has secured him, if such right is intrinsically just of itself." In *Buehler* v. *McCormick,* 169 Ill. 269, it was said (p. 275): "The purchaser knows from the papers who the mortgagor is, and may, by notice and inquiry, protect himself in making the purchase much more readily than the mortgagor may, if for any reason he is unable to obtain at once the cancellation and return of his obligations. The assignee is charged with knowledge of the law that a mortgage is assignable only in equity and subject to the equities between the original parties to it, and he cannot relieve himself from the consequences of his own negligence by simply showing that the mortgagor failed to take up the note and mortgage when he paid the debt to the

then legal holder." The law as announced in *Olds* v. *Cummings, supra,* has been adhered to and applied in every subsequent case which has come before this court where the same questions were involved, and there is nothing shown by the evidence in this case that could take it out of the operation of or make inapplicable the law announced in *Olds* v. *Cummings,* and subsequent cases.

The bill here was filed by appellant before the maturity of the principal indebtedness. It was filed on the theory that there had been a default in the payment of interest, and appellant elected to declare the principal sum due and to foreclose the lien on account of such default. Both the note and trust deed contained a provision that if default should be made for thirty days in the payment of any installment of interest after it became due, then the legal holder of the note might elect to treat the principal sum, together with accrued interest, due and payable. If appellee was not in default in the payment of interest then appellant's bill was prematurely filed and the Appellate Court properly reversed the decree of the circuit court and directed the dismissal of the bill.

In arriving at the amount due from appellee to Howe on the note at the time it was assigned to appellant the master charged the appellee with $734 interest paid by Howe to the Massachusetts Mutual Life Insurance Company, $830.67 taxes paid, $7 insurance, $22.25 title expenses and $200 commissions on the $3000 loan. This made a total of $1793.92, from which the master deducted $130 for rents collected by Howe before he assigned the note to the appellant, leaving $1663.92 as the net amount of money expended by Howe for appellee for which the $3000 note and trust deed were given. To this amount the master added $109.23 as interest, $5 for judgment search and $100 for solicitor's fees, making a total of $1878.15 for which the court entered a decree. No credit was allowed appellee on account of the $710 rents collected by Howe after the assignment of the

note and trust deed to appellant. The Appellate Court held this $710, less three per cent commission Howe was entitled to for collecting it, must be applied as a payment on the mortgage indebtedness. Upon this question we agree with and adopt the views of the Appellate Court as expressed in its opinion in the following language:

"The evidence shows that no repairs became necessary or were made and no subsequent taxes accrued for Howe to pay; that between the date of the assignment and February 2, 1906,—the date the appellee gave notice of the assignment to appellant,—Howe collected rents due from the appellant's tenants aggregating $710, which, under the agreement between appellant and Howe, should be applied in payment of interest on the note and mortgage held by appellee and in reduction of the principal indebtedness secured thereby. Under the above authorities, and *Towner v. McClelland,* 110 Ill. 542, *Napieralski v. Simon,* 198 id. 384, and cases there cited, we are of the opinion that the rents so collected by Howe before appellee gave notice of the assignment to appellant must in equity be applied in payment *pro tanto* of the indebtedness secured by the note and trust deed, less the commission thereon of $3.90, reducing it by the amount of $706.10, for the obvious reason that if appellee had given appellant notice of the assignment when it was made, appellant could have protected herself from the fraud of Howe in collecting the rents and not applying them on the note. By keeping silent and permitting appellant to believe that Howe was still the owner of her note and trust deed appellee enabled Howe to continue collecting the rents and to apply them to his own use, in violation of his agreement with appellant. Under the agreement between appellant and Howe the interest due on January 1, 1906, and July 1, 1906, should have been paid by Howe out of the rents collected before the balance of the money collected by him was applied in reduction of the principal indebtedness. The money collected must be so applied. It follows from

such application of the money that appellant was not in default in the payment of interest when the bill in this case was filed."

The decisions cited herein, and many others to the same effect, are too familiar to the profession to justify extended comment upon them or quotations from them. They abundantly sustain the proposition that where a mortgage has been assigned, and the mortgagor, without any negligence on his part and without notice of the assignment so made, pays the payee, who has parted with the note, that will discharge the mortgage, and in a suit to foreclose such payment may be set up in bar of a decree for its foreclosure. We are unable to see upon what principle appellee could be denied the right to have the rents paid Howe before she was notified he had sold and assigned the note and mortgage, treated as a payment *pro tanto* upon the mortgage. If she was not entitled to have any of said sum applied as a credit upon the principal of the note before its maturity she was entitled to have it applied to the payment of interest falling due, and if Howe had retained the note and mortgage he could not have maintained the bill to have it foreclosed for the non-payment of interest, for he had received from appellee, through her tenants, more than a sufficient sum to pay all interest that had accrued or would accrue on the note up to the time of its maturity. Appellant, under the authorities cited, and for the reasons in them stated, occupied no better position than Howe himself.

Some attempt is made by appellant to show that Howe negotiated the note and trust deed as the agent of appellee, and that therefore the doctrine of *Olds* v. *Cummings*, and subsequent cases, does not apply. We think this contention wholly without merit, as it is contrary to the evidence in this case.

A considerable portion of appellant's brief is devoted to a discussion of what occurred between the parties in their efforts to effect a settlement after appellee received notice

that appellant owned the note and trust deed. We have considered this branch of the case and read the evidence offered upon it, but there was nothing in anything done by the parties during those negotiations that would in anywise alter the rights of the parties in this litigation or justify a different judgment from that rendered by the Appellate Court.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*