(No. 10950.)

THE CITY OF LAKE FOREST, Appellant, *vs.* C. W. BUCKLEY, Appellee.

*Opinion filed December 21, 1916.*

1. PRACTICE—*day of presenting bill of exceptions should be regarded as the date on which it is signed, sealed and filed.* A bill of exceptions purports to be signed at the time the exception is taken in the course of the trial, whether it is presented then or afterwards, but if it is presented within the time allowed by the court for filing the same and that fact is shown on the face of the bill it may be filed as of that date after it is actually signed by the judge; and it is the duty of the judge to regard the day the bill is presented to him as the date on which it should be signed, sealed and filed.

2. SAME—*what does not show the bill of exceptions was filed before signing.* Where a bill of exceptions bears the indorsement, signed by the judge, "Presented this 20th day of May, A. D. 1916, and time for settlement fixed at June 5, 1916, at 11 A. M.," and the signing of the bill appears to have been on June 5, the fact that the bill shows that it was filed May 20 does not show the bill was filed before it was signed but it will be presumed the clerk filed the bill as of May 20 after it had been signed.

3. SPECIAL ASSESSMENTS—*witness must show himself qualified to express an opinion as to benefits.* In special assessment proceedings opinion evidence must be relied upon wholly to determine the amount of benefits, if any, to property by reason of an improvement, and before any witness is entitled to express such an

opinion as to benefits he must show himself qualified by knowledge of the lots in question or of other real estate in the vicinity.

4. SAME—*it is immaterial, as to benefits, whether one portion of old roadway is in better condition than another.* Where the whole of a street is in such condition as to render a new pavement necessary, no property owner has the right to have credited against the benefits his property receives from the whole improvement any sum by reason of the fact that the old roadway immediately along his property is in better condition than elsewhere.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

GEORGE T. ROGERS, and TENNEY, HARDING & SHERMAN, for appellant.

GEORGE A. MASON, (MORTON T. CULVER, and ROBERT ZALESKI, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The city of Lake Forest applied to the county court of Lake county for the confirmation of an assessment roll spread for the cost of paving Sheridan road, one of the streets in the city of Lake Forest. The legal objections were overruled, a jury was waived, and a hearing was had before the court on the question of benefits on the objections of C. W. Buckley, appellee. Appellee owned two lots, 304 and 305, abutting Sheridan road. The amount of assessment against these lots in the assessment roll was, for lot 304, $2335.90; for lot 305, $1640.10. The court found that lot 304 was benefited to the amount of $1880 and that lot 305 was benefited to the amount of $1320, and judgment was rendered accordingly. From that judgment this appeal has been perfected by the city of Lake Forest.

Appellee has interposed a motion to strike the bill of exceptions upon the ground that it was not filed after it had been signed and sealed by the judge. The judgment was rendered on April 20, 1916. On that day leave was given

appellant to file a bill of exceptions within thirty days. On May 20, 1916, being within the time fixed for filing, the bill of exceptions was presented to the trial judge and was indorsed, "Presented this 20th day of May, A. D. 1916, and time for settlement fixed at June 5, 1916, at 11 A. M.," which indorsement was signed by the judge. The date of the signing of the bill of exceptions by the judge appears as the 5th day of June, 1916. The bill of exceptions was filed as of May 20, 1916, and it is the contention of appellee that as it does not appear that it was filed subsequent to the date upon which it was signed by the trial judge it is not properly a part of the record, as no bill of exceptions existed until June 5, 1916, being the day upon which it was signed and sealed by the judge, and as the filing of a purported bill of exceptions before the same is signed is not the filing of a bill of exceptions within the meaning of the statute.

A bill of exceptions purports to be signed at the time the exception is taken in the course of the trial, whether it is presented then or afterwards, but if it is presented within the time allowed by the court for filing same and that fact is shown on the face of the bill, it may be afterwards filed as of that date within a reasonable time after it is actually signed by the judge. (*Hill Co.* v. *United States Guaranty Co.* 250 Ill. 242.) As was stated in that case, as a matter of proper practice the judge should have dated the bill, upon signing it, as of the date when it was presented, and an order should have been procured directing that it be filed as of that date, but, at the most, the failure to follow such practice is merely an irregularity and does not render the bill of exceptions void. The party presenting a bill of exceptions has done everything within his power when he presents it to the judge to be signed. Under the law it is the duty of the judge to regard the day the bill was presented to him as the date upon which it should be signed, sealed and filed. If for any reason the judge neglects to enter an

order directing the clerk to file the bill of exceptions *nunc pro tunc* as of the date it was presented to him, and the clerk thereafter, either on his own motion or at the request of the party interested, files it as of the date it was presented to the judge, he has complied with the law, and the opposite party can take no advantage of the fact that the judge failed to enter an order that the clerk should file the bill *nunc pro tunc* as of that date. It will be here presumed that the clerk filed the bill of exceptions as of May 20, 1916, after it was signed and sealed by the judge. The motion to strike the bill of exceptions is overruled.

On the hearing the objector offered the testimony of but one witness, William Niehoff, who testified that he had examined the property of objector and the condition of the present roadway along the line of the proposed improvement, and based his opinion on his experience in "hundreds and hundreds of paving cases." He estimated that the property of objector would be benefited at the rate of two dollars per front foot, and this is the basis adopted by the court in fixing the amount of benefits. This witness had never seen the property in question until this matter arose, except, as he testified, he had driven by there a few times when pleasure driving. He did not testify that he was familiar with the values of property in that locality or with the market value of the lots of the objector. When he was asked to give his opinion as to the benefits to these two lots, counsel for appellant objected upon the ground that the witness had not shown himself qualified to give an opinion. The objection was overruled, and this action of the court is assigned and relied upon as error. Opinion evidence must be relied upon wholly in cases of this kind to determine the amount of benefits, if any, to property by reason of such an improvement. Before any witness is entitled to express an opinion as to the benefits which will follow in the making of such an improvement he must show himself qualified to express an opinion. It must be apparent that an opinion as

to benefits would be without any value where the witness is not familiar with the locality or the value of the property claimed to be benefited by making the improvement. The mere fact that the witness had had experience in "hundreds and hundreds of paving cases" in other localities would not, of itself, qualify him to express an opinion as to the benefits which property in a locality with which he was unfamiliar would derive from a local improvement, especially when he had no knowledge of the value of the lots in question or of other real estate in that vicinity. The objection to the testimony of this witness should have been sustained.

The witness Niehoff in his examination testified to the condition of the pavement now existing in that portion of the street which is sought to be paved. He testified that the present pavement is in better condition along the lots of appellee than it is elsewhere, and disclosed that he took that element into consideration in giving his opinion as to the benefits which would accrue to these lots, upon the apparent theory that appellee would be entitled to some credit in the making of the new improvement by reason of the fact that the present condition of the street in front of his premises is better than along the other property included in the assessment roll. This testimony also went in over objection. This was an improper element to consider. The real question in determining the benefit to any property by reason of any local improvement is, what benefit will that particular property receive from the making of the whole improvement? It is immaterial whether the present roadway is in worse condition along portions of the line of the proposed improvement than elsewhere. If the whole of the street is in such condition as to render a new pavement necessary, no property owner has the right to have credited against the benefits he receives from the whole improvement any sum by reason of the fact that the present roadway immediately along his property is in better condition than it is elsewhere along the line of the proposed improvement. The

opinion of the witness Niehoff resulted from a consideration of improper elements and should have been excluded. *City of Kankakee* v. *Illinois Central Railroad Co.* 263 Ill. 589.

For the reasons indicated, the judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*