### Anna Okon, Appellant, v. Kazimer Kaenas and Urzule Kaenas, Appellees.

#### Gen. No. 26,234.

1. BILLS AND NOTES—*when subsequent payments to payee not binding on transferee of note secured by mortgage.* Where a promissory note secured by a trust deed was transferred by the payee, it passed free from the equity of a payment made thereon to the payee, in an action at law by the indorsee, although the trust deed was subject to the equity of such payment in an action by the indorsee of the note to foreclose the deed.

2. JUDGMENT—*when decree of foreclosure not bar to action on note secured by trust deed.* Where defendants borrowed $1,500 from a banker, giving their note therefor secured by a trust deed of real estate, and such note was transferred to plaintiff without the knowledge of defendants, who, before its maturity, paid $579.56 to the banker, a decree upon foreclosure of the trust deed by plaintiff, in which credit was given for the payment to the banker, was not *res adjudicata* so as to bar an action at law by plaintiff against defendants for the balance due her, consisting of the amount of the credited payment, with interest.

3. JUDGMENT—*what prerequisite to application of res adjudicata.* When the doctrine of *res adjudicata* is sought to be applied, it must conclusively appear that the matter so in issue must necessarily be determined by the court rendering the judgment interposed as a bar.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and judgment here. Opinion filed October 4, 1921.

LITSINGER, HEALY & REID, for appellant.

CYRUS J. WOOD and WILLIAM G. WOOD, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

October 4, 1913, appellees (defendants below) borrowed $1,500 of one John Tananevicz, a banker, giving him therefor their note to their order indorsed by them and a trust deed of real estate to secure the same. Appellant (plaintiff below) was the owner and holder of the note at the time of its maturity, having previously bought it of Tananevicz. On default to pay the same she foreclosed said trust deed. The decree found that after purchase of said note appellee, Kazimer Kaenas, without notice of such sale and transfer, deposited with banker Tananevicz $579.56, to which he was entitled to credit in equity "on the amount unpaid" by reason of such sum so deposited, and that there was due to complainant Anna Okon, "upon the note and trust deed * * * the sum of $1,566.20 less the sum of $579.56," and certain amounts for solicitors' fees, etc. On payment of the difference of said sums and such amounts, etc., the decree was satisfied in full. It was stipulated in this suit that said $579.56 was paid to John Tananevicz and not to plaintiff. The $1,566.20 represented the face of the note with unpaid interest.

Afterwards appellant brought this suit at law to recover said $579.56. Defendants pleaded and urge that said decree is *res adjudicata* and a complete bar to this action.

The trial was without a jury. The court found for defendants, refusing to hold as law various propositions submitted by plaintiff embodying the question

whether said decree is a bar to a recovery at law from defendants of the amount of such credit, which is concededly the only question for decision on this appeal.

As Tananevicz was both the trustee and former holder of said note, the allowance of such credit in the decree was, presumably, in conformity with the law held in *Olds v. Cummings*, 31 Ill. 188, and ever since adhered to in this State (*Bartholf v. Bensley*, 234 Ill. 336, 341; *McAuliffe v. Reuter*, 166 Ill. 491, 496) that the assignee of a mortgage or trust deed takes it subject to the same defenses that existed between the original parties, and in a suit to foreclose the lien "the rights of the parties are governed by the law as administered in courts of equity and not by rules that would obtain if an action at law had been begun to procure a judgment on the note." (*Bartholf v. Bensley, supra.*) But a different rule obtains in an action at law on the negotiable instrument. On familiar principles pertaining to negotiable instruments, such credit would not be allowed. Referring to the distinction, as made in the above-cited cases, between a negotiable note purchased and signed in good faith, and the mortgage or trust deed by which the note is secured, it was said in *Sroelowitz v. Schultz*, 86 Ill. App. 341, 347:

"The former passes free from all equities between the parties, and the holder of the legal title may enforce payment in a court of law; but the latter not possessing the attributes of negotiable paper is assignable only in equity and subject to the equities between the original parties thereto."

These distinctions and principles are not questioned. Nor can it be questioned that the purpose of the equity proceeding was merely to enforce the lien of the trust deed, that is, foreclose the mortgagor's equity of redemption in case the sum found due, and decreed to be paid, was not paid.

The pleadings and decree in the chancery case were introduced in evidence and present the usual issues in

a proceeding for the foreclosure of a trust deed of real estate in the nature of a mortgage, where there has been a default in payment of the note secured thereby. No issue was presented pertinent to the question involved here except as to the credit appellees were entitled to by reason of such deposits or payments to Tananevicz. As before stated, such credits were allowed in equity and would not be at law in an action by the assignee of the note.

But does the fact that they were so allowed constitute a bar to this action? In determining this question we must not lose sight of the fact that this action is one for a judgment *in personam* for the amount legally due upon the note, while the foreclosure proceeding merely required arriving at the amount for which the lien could be enforced which involved application of equitable principles whereby such credit was allowable "on the amount unpaid," that is $1,566.20. In that proceeding the court had no power to enter a money decree for the mortgage indebtedness. It could only enter a deficiency decree for the balance remaining due after the sale of the property; and it is only by virtue of section 16 of chapter 95 of the Revised Statutes (Cahill's Ill. St. ch. 95, ¶ 17) that a court is authorized in such a proceeding to render a personal decree for such balance. (*Bouton v. Cameron,* 205 Ill. 50, 67; *Phelan v. Iona Sav. Bank,* 48 Ill. App. 171.) The following language of the court in the *Phelan* case is cited with approval in the *Bouton* case:

"The mortgagee might, if he desired a judgment *in personam,* bring his action at law upon the indebtedness, and might at the same time file a bill in chancery for the foreclosure of the mortgagor's equity of redemption. The remedies are concurrent. (4 Kent's Com. 184.) The powers and jurisdiction of the courts of Illinois have been increased in respect of such matters by statutory enactment, but with this statutory power added, the courts of our State are yet without

jurisdiction to render judgments or decrees for the payment of the mortgage indebtedness against defendants in foreclosure proceedings. The only addition to their power is such as is given by section 16 of chapter 95 of the Revised Statutes, which authorizes the rendition of a personal decree 'for the balance of money that may be found unpaid' after the mortgaged premises have been sold and the proceeds applied upon the indebtedness. A decree against the defendants in a foreclosure proceeding for the whole debt would, therefore, be wholly extrajudicial.''

Appellant, therefore, having concurrent remedies, one at law for a judgment *in personam* for the amount of the mortgage indebtedness, in which such credit would not be allowed, and the other in equity to enforce the mortgage lien for an amount which on equitable principles has been found to be less than the legal indebtedness, and the court in the latter proceeding having no power to enter a money decree for the excess legally due over and above the amount of such lien, we are of the opinion that the decree for the amount of the lien was not conclusive of the amount due upon the note or a bar to this action.

Where the doctrine of *res adjudicata* is sought to be applied it must conclusively appear that the matter so in issue must necessarily be determined by the court rendering the judgment interposed as a bar. (*Kitson v. Farwell*, 132 Ill. 327.) It was not necessary for the court in the foreclosure proceeding to adjudicate the entire indebtedness but only to determine the amount for which the lien could be enforced if not paid. Of course, there could be but one satisfaction. But the adjudication and satisfaction were not of the whole indebtedness but only *pro tanto* the indebtedness for which relief could be furnished in that proceeding.

The trial court, therefore, having erred in its construction of the law applicable to the undisputed material facts, the judgment will be reversed and judgment entered here for $717.21, being the amount of

said credit or unpaid balance due on said note with the interest the note calls for from October 14, 1917.

*Reversed and judgment here.*

GRIDLEY, P. J., and MORRILL, J., concur.