A. J. Lindheimer, Appellant, v. Supreme Liberty Life Insurance Company, Formerly Liberty Life Insurance Company of Illinois et al. Supreme Liberty Life Insurance Company, Appellee.

Gen. No. 35,319.

filed November 24, 1931.

BERNARD EPSTEIN, for appellant; HARRY MARKHEIM, of counsel.

EARL B. DICKERSON, for appellee.

MR. JUSTICE KERNER delivered the opinion of the court.

A preliminary injunction was issued without notice, upon a cross-bill filed by the Supreme Liberty Life Insurance Company restraining A. J. Lindheimer, appellant, from further prosecuting the suit at law pending in the superior court of Cook county entitled *A. J. Lindheimer v. Supreme Liberty Life Insurance Company,* No. 531413. The appellant moved the court to dissolve the injunction on the ground that the cross-bill

did not state facts entitling the appellee to the injunction. The motion was overruled and the appellant prayed an appeal.

On February 6, 1931, appellant filed a bill to foreclose a trust deed dated April 5, 1929, given to secure a promissory note executed by appellee, payable to the order of bearer, for $40,000 with interest, secured by a trust deed to the Chicago Title & Trust Company as trustee. In the trust deed the grantor covenanted to pay the indebtedness, and stipulated that in the event of breach recovery might be had by foreclosure or by suit at law, and it was alleged that there was unpaid on the note $20,000 together with interest from December 5, 1930; that appellant was the legal holder of the note; that an instalment of $1,000 principal and interest for one month became due January 5, 1931, and an instalment of $19,000 and interest became due February 5, 1931, both of which were not paid. The defendant answered, admitting the execution of the note and trust deed, but denying any default in payment and stating that the full amount of the note had been paid or tendered to appellant and it owed no duty to pay any sum other than the amount tendered. Appellee also filed a cross-bill in which it alleged that the note was payable $1,000 on or before May 5, 1929, $1,000 on or before the fifth of each and every month beginning June 5, 1929, for 20 months succeeding, and a final payment of $19,000 on or before February 5, 1931, with interest at six per cent per annum, payable monthly on the whole amount remaining from time to time unpaid, at the Roosevelt State Bank, Chicago; that the note was originally delivered to Empire Bond and Mortgage Company and that it had made various payments on the note to the original holders thereof including a payment of $11,500 on June 27, 1930; that up to August 5, 1930, the payments were made to Empire Bond and Mortgage Company at the Roosevelt

State Bank; that on August 5, 1930, appellee was notified that appellant was the holder of the note; thereafter payments were made to him; that until the receipt of the notice from appellant appellee believed the Empire Bond and Mortgage Company was the owner of the note; that all the payments made were indorsed on the reverse side of the note with the exception of the payment of $11,500 made on June 27, 1930; that all the indorsed payments were of $1,000 each and were made when due, while the $11,500 payment, not indorsed on the note, was made seven months before it was due; that the payments made to the appellant included overpayments of interest of $57.50 each month erroneously made, to and including December 5, 1930. The crossbill further alleged that in accordance with the terms of the note, appellee had the right to regard the original holders as the true owners of the note until otherwise notified by the legal holder, and had a lawful right to pay to the original holders any sum or sums on account of the principal on or before any due dates mentioned in the note, and that it was the duty of the appellant to communicate with appellee and make inquiry and determine what payments had been made on the note. The bill then alleged that the appellant has filed an action at law against the appellee seeking to recover a judgment on the note; that it would be inequitable to permit appellant to prosecute an action at law upon the identical obligation upon which he bases his bill to foreclose.

The power to enjoin the prosecution of a law action is sparingly exercised. It is only where it clearly appears that the prosecution of the law action will result in a fraud, gross wrong or oppression that a court of equity will interfere with the general right of a person to prosecute his suit in any jurisdiction he sees fit and restrain him from the prosecution of such suit. The owner of the note secured by a trust deed may sue the

maker of the note in assumpsit for a judgment upon the personal obligation; he may sue in equity for the foreclosure of the trust deed; or he may recover possession of the property conveyed by the trust deed by an action of ejectment. These remedies are concurrent or successive as the owner of the note or trust deed might deem proper, and he may pursue any two or all three of the remedies simultaneously. (*Rogers v. Myers,* 68 Ill. 92; *Edgington v. Hefner,* 81 Ill. 341, 342; *Palmer v. Harris,* 100 Ill. 276; *Erikson v. Ward,* 266 Ill. 259; *Rohrer v. Deatherage,* 336 Ill. 450.) In *Delahay v. Clement,* 3 Scam. 201, the court said, page 203:

"Although the law will not permit a party to have more than one satisfaction for his debt, yet, in many cases, it permits him to carry on several remedies at the same time. A party who holds a bond and mortgage to secure a debt may maintain ejectment to recover the possession of the mortgaged premises, foreclose the equity of redemption in chancery, and sue on the bond; and have all these actions proceed at the same time."

In *Vansant v. Allmon,* 23 Ill. 30, 33, it was said: ". . . a creditor by note and mortgage has several remedies, either and all of which he may pursue until his debt is satisfied. He may bring his action upon the note; or put himself in possession of the rents and profits by an ejectment after condition broken, . . . or file a bill for foreclosure and sale, which is the usual practice in this State. . . . A judgment on the note, without satisfaction, is no bar to a proceeding in equity to foreclose, and the two suits may be pending at the same time."

In *Henry v. Hodge,* 171 Ill. App. 10, the mortgagee filed two suits on the same day, one at law on the note, and the other in chancery to foreclose, and the right to both was recognized, the court saying, page 13: ". . . he had the right to pursue both his remedy at law

before the Justice of the Peace and his remedy in chancery by filing the bill to foreclose.''

It is not inequitable for a party to prosecute a legal demand against another in any forum that will take legal jurisdiction of the case. To justify equitable interposition it must be made to appear that an equitable right will otherwise be denied the party seeking relief. (*Royal League v. Kavanagh,* 233 Ill. 175, 183.) But it may be said, courts of equity are averse to permitting their jurisdiction, when it has once attached, to be usurped by other tribunals and that the chancery court having possession of the case, should retain its jurisdiction and confine the litigation to that forum. Suffice to say, that the right to an action at law on a note is separate and distinct from the right to enforce the lien in equity. The primary object of a foreclosure proceeding is to subject the property pledged as security for the note to the payment of the debt, but in an action on the note a judgment *in personam* is desired (*Okon v. Kaenas,* 222 Ill. App. 45) and the lien in equity may be lost while the right to a judgment on the note exists. (*Martina v. Muhlke,* 186 Ill. 327.) Appellant has concurrent remedies, one at law for a judgment *in personam* for the amount of the debt, and the other in equity to enforce the mortgage lien. (*Okon v. Kaenas, supra.*) Furthermore, the indispensable basis upon which a defendant to an action at law may resort to a court of equity to restrain the prosecution of such action is that he has some equitable defense which a court of law cannot take cognizance of, either by reason of want of jurisdiction, or from the infirmity of the legal process. The application to equity necessarily concedes the legal right, and it is upon the ground that such legal right which is sought to be enforced by the action at law is subservient to an equitable claim, which the defendant at law cannot set up there, that the court takes jurisdiction. (*Catholic Bishop of Chicago*

*v. Chiniquy,* 74 Ill. 317, 318; *County of Cook v. City of Chicago,* 158 Ill. 524.)

The allegations of the cross-bill amount to a plea of payment; in fact, counsel for appellant frankly states that appellee pleads payment in full of the note which is the basis of the foreclosure proceeding as well as the suit at law. The defense of payment is a legal defense and can be shown in a court of law. Moreover, it does not appear that appellant will gain any advantage in the action at law as would render it an instrument of great injustice and against conscience to allow the suit to proceed, or that appellee will suffer irreparable injury. Under the circumstances in the instant case appellee has an adequate remedy at law in the pending law suit and it may show, if it can, that the note has been paid. Where a court of law can do complete justice, a court of chancery cannot be resorted to to restrain the prosecution of such suit.

The order of the superior court is reversed.

*Reversed.*

Gridley, P. J., and Scanlan, J., concur.