## Notroma Corporation, Appellant, v. Ben Miller, Appellee.

### Gen. No. 39,268.

Opinion filed December 14, 1937.

STEARNS & JONES, of Chicago, for appellant; LLOYD M. McBRIDE, of Chicago, of counsel.

MYRON E. WISCH, of Chicago, for appellee; BENJAMIN B. CRANE and JAMES E. BROWN, both of Chicago, of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This is an attachment proceeding brought by the Notroma Corporation, plaintiff, against Ben Miller, defendant, and the Chicago Title & Trust Company, trustee under the terms of a trust agreement dated August 12, 1931, and known as trust No. 27,814, as garnishee. Miller was the beneficiary of the trust. In a trial without a jury the court found the issues in favor of defendant, rendered judgment for defendant and against plaintiff, quashed the attachment and discharged the garnishee. This appeal by plaintiff followed.

Plaintiff's statement of claim alleged substantially that Ben Miller, defendant, and his wife, executed their promissory note dated July 5, 1928, for the principal sum of $19,500, payable to bearer July 5, 1933, with interest thereon from its date at 6 per cent per annum and after maturity at 7 per cent per annum; that plaintiff is the owner and holder of said note; that $17,600.52 of the principal of said note has been paid, leaving a balance of principal remaining unpaid of $1,899.48; that no part of the interest due on said unpaid principal which has accrued since September

25, 1934, has been paid; that said interest now amounts to the further sum of $188.36; that there is due plaintiff from defendant the total sum of $2,087.84; that defendant is not a resident of the State of Illinois; and that "plaintiff claims $2,087.84 and a writ of attachment against the property of the defendant and against the garnishee whom the plaintiff believes to be indebted to the defendant or to have in its possession, custody or charge assets or estate of defendant."

Defendant alleged in substance in his verified statement of defense that he is not liable for the amount sought to be recovered from him or any part thereof and that plaintiff is estopped from bringing this action; that the court has no jurisdiction of the subject matter inasmuch as the cause of action herein was merged in the decree of foreclosure and sale entered in the superior court of Cook county in a cause commenced April 18, 1934, by plaintiff's assignor, entitled "Chicago Title & Trust Company, as trustee under the terms of a trust agreement dated December 31, 1928, and known as trust No. 22146, and Chicago Title & Trust Company, as trustee under a trust deed dated July 5, 1928, and recorded August 8, 1928, as Document No. 10112357 vs. Ben Miller, *et al.*," to foreclose a trust deed given to secure payment of the principal sum of $22,000, evidenced by four principal notes executed by Ben Miller and Sadie Miller, defendants in said proceeding, one of which is the note upon which the instant action was brought; that "predicated upon the default made in the payment of said notes" a decree of foreclosure and sale was entered in the foreclosure proceeding on August 29, 1934, wherein it was adjudged and decreed that Ben Miller and Sadie Miller were personally liable for said indebtedness; that September 24, 1934, a deficiency decree was entered against Ben Miller finding him personally liable for $2,722.23; that after the entry of those decrees the Chicago Title

& Trust Company transferred the note involved in this action to the plaintiff herein; that the plaintiff is not a bona fide holder in due course; that the cause of action and all rights and liabilities of Ben Miller were merged in said decrees; and that, therefore, this court has no jurisdiction of the subject matter involved herein.

Plaintiff contends that being a purchaser for value of the note, it acquired all the rights of the former holder to sue on the note, subject only to such defenses as defendant may have had against plaintiff's transferor and that plaintiff does not have to be a holder in due course in order to bring this action; that the owner of a mortgage indebtedness has any one of a number of remedies which may be enforced concurrently or successively until the indebtedness is fully satisfied; and that, it not being denied by the defendant in this case that the note sued on was executed and delivered by him and that the amount claimed to be due on said note is in fact still due and owing, the partial satisfaction of the indebtedness by reason of the foreclosure is no defense to this action at law on the note for the balance remaining unsatisfied.

The evidence is undisputed that plaintiff is a holder for value of the note involved in this controversy, upon which there is a principal balance due and unpaid of $1,899.48, and that there was also interest due on such principal balance amounting at the time of the commencement of this action to $188.36. Unless the defendant has a defense that would be good against the Chicago Title & Trust Company, which assigned the note to plaintiff, the latter is entitled to bring this action and obtain judgment against him.

It must be conceded by defendant, and we think it is, that the owner of a note secured by a trust deed may sue the maker of the note in assumpsit for a judgment upon his personal obligation, that he may sue in equity

for the foreclosure of the trust deed, or that he may recover possession of the property conveyed by the trust deed by an action of ejectment. "These remedies are concurrent or successive as the owner of the note or trust deed might deem proper, and he may pursue any two or all three of the remedies simultaneously." *Lindheimer v. Supreme Liberty Life Ins. Co.,* 263 Ill. App. 524. But the defendant urges that the established rule as to the pursuit of these various remedies does not comprehend a situation such as is here presented, and that "where a foreclosure decree is entered and a deficiency judgment *'in personam'* rendered, the subsequent vacating of such deficiency judgment will not allow the plaintiff to recover at law in a subsequent suit." Defendant's position is, to say the least, novel, since it is rather difficult to appreciate the difference between a situation where no deficiency judgment was entered at all and one where a void deficiency judgment *in personam* was entered and subsequently vacated.

Since the only defense urged in the trial court was that the instant action was barred by reason of what occurred in the foreclosure proceeding, the pertinent and important facts in connection with that proceeding necessary to be considered are (1) that the premises involved were sold and the amount received from the sale credited on the note; (2) that a deficiency judgment was entered *in personam* against Ben Miller; (3) that Ben Miller, who was a nonresident, was not personally served with summons in the foreclosure proceeding and therefore the deficiency judgment rendered therein against him was a nullity; (4) that at Ben Miller's instance the deficiency judgment *in personam* was subsequently vacated and a deficiency judgment *in rem* was entered *nunc pro tunc* as of the date of the judgment *in personam;* and (5) that certain rent was collected from the premises during the period

of redemption and credited on the note. The net result of the foreclosure was a partial satisfaction of the indebtedness due on the note from the sale of the property and a deficiency judgment for the balance *in rem* against the foreclosed property, which deficiency has never been fully satisfied. Defendant does not deny that the amount of the mortgage indebtedness remaining unsatisfied after the foreclosure is due and owing, but he insists that he should not be required to pay same because the right to foreclose on the security for payment of the debt was first exercised and that both plaintiff's cause of action and defendant's liability were merged in the foreclosure decree.

Thus the sole question before us for determination on the record presented is whether the entry of the deficiency judgment in the foreclosure proceeding precludes plaintiff from prosecuting this action at law to recover that portion of defendant's mortgage indebtedness on his note which is admittedly unpaid and unsatisfied. The instant action would, of course, be barred if a valid deficiency judgment had been included in the decree entered in the foreclosure proceeding. However, the personal judgment for the deficiency that was entered therein was void *ab initio* since the court was without jurisdiction to enter such judgment in the absence of personal service of process on Miller. It was defendant himself who had the deficiency judgment *in personam,* which had been entered in the foreclosure proceeding vacated, because of its invalidity and a deficiency judgment *in rem* entered therein *nunc pro tunc* as of the date of the void personal judgment. When said void personal judgment against the defendant for the deficiency in the foreclosure proceeding was vacated, the record in that case was as clear of that judgment as if it had never been entered. That invalid personal judgment is not nor could it be effective for any purpose. Whether or not the trial court

ordered such judgment vacated it was void, the formal order vacating it merely clarifying the record. It is idle to urge that a judgment, which to all legal intents and purposes never existed, precludes recovery in this action. Neither is the unsatisfied judgment *in rem* a bar to the instant proceeding. Defendant is in no different position than if the personal judgment for the deficiency had not been rendered against him in the foreclosure proceeding. He was apparently not available for service of process upon him personally in that cause and without such personal service a valid judgment *in personam* could not have been entered against him. His mortgage indebtedness, evidenced by the note, was credited with all moneys realized from the sale of the foreclosed property, as well as with certain net rents collected from the tenants of same during the period of redemption.

An examination of the authorities cited by defendant, in support of his contention that plaintiff as assignee of the Chicago Title & Trust Company "is estopped and precluded from maintaining this action, predicated upon the same cause of action which was fully adjudicated in the foreclosure proceedings," discloses that what every one of them holds in effect is that a valid personal judgment for a deficiency included in a decree in a foreclosure proceeding constitutes a bar to an action at law for the same deficiency. It is quite obvious that if the personal judgment rendered against defendant in the foreclosure proceeding was valid it would not have been necessary for plaintiff to resort to this action at law.

As to Miller's contention that the Chicago Title & Trust Company in assigning and transferring the note in question to plaintiff committed a breach of its duty as a trustee to the defendant and that such breach constitutes a defense to this action on his note, it is sufficient to say that the entire argument in support of this

contention is based on an assumed state of facts not appearing in the record. In any event this defense was neither alleged in defendant's answer to plaintiff's complaint nor offered or even suggested upon the trial, and not having been presented in the trial court cannot be urged or relied upon for the first time in a court of review.

Defendant's final contention is that this appeal should be dismissed on the ground that the report of proceedings at the trial was not certified or filed within the time allowed by the rules of the Supreme Court and this court. The time within which to file the report of proceedings was extended within the statutory period by the trial court to September 15, 1936. The report was presented to the trial court on September 14, 1936, and its presentation to the trial judge indorsed thereon on that date. It was signed and certified by the trial judge September 25, 1936, and pursuant to the court's order of the same date filed by the clerk of the court *nunc pro tunc* as of September 14, 1936, the date on which it was originally presented. There is no merit in the instant contention. (*Sullivan v. William Ohlhaver Co.*, 291 Ill. 359; *La Salle Opera House Co. v. La Salle Amusement Co.*, 289 Ill. 194; *Madden v. City of Chicago*, 283 Ill. 165; *City of East St. Louis v. Vogel*, 276 Ill. 490; *City of Lake Forest v. Buckley*, 276 Ill. 38; *People v. Windes*, 275 Ill. 108; *T. E. Hill Co. v. United States Fidelity & Guaranty Co.*, 250 Ill. 242.)

Plaintiff is the holder for value of the note upon which this action was brought and it is admitted that the indebtedness on said note, remaining unsatisfied after the foreclosure, is due and owing by defendant. No sound reason has been advanced why Miller should not be compelled to pay the balance due.

For the reason stated herein the judgment of the municipal court is reversed and judgment entered here in favor of plaintiff and against defendant for $2,087.84

and the cause is remanded for trial of the issues raised by the answer of garnishee.

*Judgment reversed; judgment here in favor of plaintiff and against defendant for $2,087.84; and cause remanded for trial of issue raised by garnishee's answer.*

FRIEND, P. J., and SCANLAN, J., concur.