SAMUEL S. GARDNER, Plaintiff in Error, *v.* LYMAN HALL *et al.*, Defendants in Error.

### ERROR TO LASALLE.

An agreement to extend the time of payment beyond a year, provided a mortgage should be given, will not defeat a mechanics' lien, if the mortgage should not be executed. The giving of the mortgage was a condition precedent.

Where there are several defendants, one of whom is not served, it will be held that an appearance by solicitor for the defendants, will be limited to those only who have been served.

THE plaintiff in error filed his petition in the court below, to enforce a mechanics' lien, on a contract set out in the petition, and designated as "Exhibit A." The contract was entered into between the plaintiff and the defendant, Hall, on the 9th of April, 1860, and by the terms thereof the work was to be completed by the 20th of July, 1860, the first payment to be made two months after the time fixed for the completion of the contract, to wit, on the 20th of September, 1860, and twenty-five dollars per month until the first of January, 1861, when (in the language of the contract) "the whole sum shall be due and payable to the said Gardner, for the labor done and materials furnished at the rate above specified, with ten per cent. interest from the twentieth day of July, A. D. 1860."

The contract further provides, "that if the said Hall shall give a mortgage which shall be a first lien upon the premises, on the first day of January, A. D. 1861, to the said Gardner, conditioned to pay him (the said Gardner) at the rate of fifty dollars per month, with ten per cent. interest from the first day of January next, A. D. 1861, (the first payment to be at the said time of giving the said mortgage,) until the whole remaining sum due the said Gardner on the first day of January next under the contract be paid, then and in that case said Gardner agrees to take said mortgage, conditioned as above, with notes for the sums and due at the times respectively above stated, and extend the times of payment according thereto."

Appended to the contract is an admission signed by Hall, of an accounting between the parties on the 18th of August, 1860, upon which there was found due Gardner, for work done by him according to the contract, $3,418.30.

The petition further avers, that Hall did not give Gardner a mortgage on the premises mentioned in the contract on the first of January, 1861, which should be a first lien upon the premises, in accordance with the contract, nor did he offer to do so; that one-half of the premises were heavily incumbered, and that Hall could not give Gardner a mortgage upon the premises that would be a first lien thereon; that Hall had been often requested to do so, but had wholly neglected and refused so to do, etc.

To this petition the defendant, Hall, filed a demurrer, assigning the following special cause: "That from the said petition itself it appears that from the terms of said contract, provision was made for extending the time for the payment for the work under said contract beyond the period of one year from the time stipulated for the completion thereof."

This demurrer was sustained by the court, and judgment rendered against the plaintiff, and in favor of the defendant, for costs. The decision of the court in sustaining the demurrer and rendering judgment, is now assigned for error.

O. C. GRAŸ, G. S. ELDREDGE, and E. T. BULL, for Plaintiff in Error.

D. L. HOUGH, for Defendants in Error.

CATON, C. J. The supplemental agreement indorsed on the back of the contract ·on ·which this ‚suit is founded, did not extend the time of payment beyond the· year. It was a conditional agreement to extend the time of payment. It was an agreement. purely executory. Until the mortgage should be executed ặs provided therein, all the obligations of the principal agreement, including the times of payment, remained in full force. The mortgage never was given. The contingency upon which the extension of the time depended, never happened. Had the mortgage been given as agreed, that

would, of itself, have destroyed the mechanics' lien, which may be done as effectually by the taking of other security as by an extension of the time of payment beyond the year. Then why not say, with the same propriety, that an agreement was made to give other security, and therefore the lien was destroyed? The answer to the one objection is the same as to the other. An agreement was made to give a mortgage which would have destroyed the lien, but no mortgage was given, and hence the lien remained. So was an agreement made to extend the time of payment, which would destroy the lien, upon the execution of the mortgage. But the mortgage was never executed, and hence the time was never extended and the lien never waived thereby.

There were four defendants to the bill, three of whom were served. One defendant filed a demurrer. In the final order sustaining the demurrer and dismissing the bill, the clerk says, the defendants appeared; and it is now suggested that the appearance of the defendant not served was thereby entered, and as he is since dead, we cannot reverse the decree till his representatives are made parties. The simple answer to that is, that the appearance of the defendants, by their solicitors, will be referred to those only who had been served. This we have decided on several occasions.

The decree is reversed, and the suit remanded.

*Decree reversed.*