## HECTOR J. HUMPHREY *et al.*

### *v.*

### HENRY C. NEWHALL.

1. APPEARANCE — *as to what defendants.* Where a part of several defendants in chancery are served personally, and others by publication, an appearance by "the defendants" will be construed as an appearance by *all* of the defendants, all having been served in contemplation of law.

2. SAME — *what defects cured thereby.* An appearance by "the defendants," in a suit in chancery, cures antecedent irregularities, such as an alleged insufficiency of the affidavit of non-residence, which was the basis of the publication of notice.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was a suit in chancery, brought in the court below, by Newhall, against Humphrey, Turner, Naudain, Allen and Peterson, to foreclose a mortgage given to secure a note executed

to Newhall, by Humphrey & Turner, for $1,750. Humphrey, being a non-resident, was served by publication; the other defendants were personally served.

The cause coming on to be heard, the following rule was made:

"At this day came the said complainant, by Carpenter, his solicitor, and the said defendants, by Geo. E. Wait, their solicitor, and this cause now coming on to be heard, and said defendants having failed to answer said complainant's bill, a rule is entered herein, requiring the said defendants to plead, answer or demur to the said complainant's bill of complaint, filed herein, by Wednesday morning next, and that in default thereof, said bill be taken as confessed against them, and a decree entered according to the prayer of said bill."

The defendants failing to plead, answer or demur, a *pro confesso* decree was rendered against them, according to the prayer of the bill. The defendant Humphrey, now brings the cause to this court, by writ of error, and asks that the decree be reversed as to him, and assigns as error, that the court below had no jurisdiction, in the cause, over him, because of the insufficiency of the affidavit of non-residence, which was the basis of service by publication.

Messrs. SHAW & CRAWFORD, for the plaintiffs in error.

Mr. C. DURHAM, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The points made by plaintiffs in error are not tenable, inasmuch as the record shows there was an appearance by them, by attorney, in the Circuit Court, and that was sufficient to cure antecedent irregularities, if there were any.

We are referred, by plaintiffs in error, to two cases in this court, in which it was said, where there were several defendants, and some of them served, an appearance must be limited to those served. That is the case of *Gardner* v. *Hall*, 29 Ill. 277.

In this case, one of the defendants was personally served, and the others by publication only, which is equivalent to personal service. An entry of appearance by defendants, therefore, will be taken and understood to include all the defendants, as they have all been served, in contemplation of law.

In the other case cited, *Clemson et al.* v. *The State Bank*, 1 Scam. 45, there the recital, "that the defendants came by their attorney," was evidently a mistake, which the attorney himself had corrected, by using, in the subsequent pleadings, only the name of the defendant served, which mistake the court would have corrected, on motion, had not the attorney himself corrected it. This record shows a full appearance by all the defendants, by attorney. There being no error in the record, the decree is affirmed.

*Decree affirmed.*