## HENRY DAWSON, SR., ET AL.
### v.
## CHESTER L. BRIDGES.

DEFENDANTS NOT SERVED.—Where there were several defendants, some served and some not, and the clerk in entering up an order used the word "defendants," such term would include only those who by their own act or the act of the law had been made the subjects of jurisdiction.

APPEAL from the Circuit Court of Sangamon county; the Hon. W. R. WELCH, Judge, presiding. Opinion filed February 25, 1886

Messrs. PATTON & HAMILTON, for appellants.

Mr. E. L. CHAPIN, Mr. W. F. HERNDON, and Messrs. BRADLEY & BRADLEY, for appellee.

WALL, P. J. This was an action on the case to recover damages occasioned to plaintiff's property by means of noxious gases and vapors generated in the tile kilns of defendants. A verdict was found for the plaintiff and his damages assessed at four hundred dollars, which the circuit court declined to set aside.

Judgment was rendered accordingly, and the record is brought here by appeal. The testimony offered by plaintiff strongly tended to prove the case alleged in his declaration and was sufficient to justify the verdict. It proved not only that his shrubbery and grass were destroyed, but that the gas and vapor produced a measure of discomfort to himself and family so serious and substantial as to make it clearly actionable. On the other hand the evidence introduced by defendants tended to show that the loss of trees, etc., was not unusual in extent; that what there was might well be attributed to natural causes and that the amount of gas and vapor generated was too insignificant for complaint.

The jury were called upon to weigh this testimony. They

Dawson v. Bridges.

reached a conclusion, not unwarranted, and the trial court, whose duty it was to supervise their finding, saw no occasion to grant a new trial. There is nothing in the state of the evidence to justify this court in reversing the judgment on that ground. The law applicable was fairly and plainly stated in the instructions, and the jury were advised that no recovery could be had for slight or fanciful injuries, but that to sustain his claim the plaintiff must show that he had suffered real and substantial damages. We think there is no just occasion to object in this respect.

Attention is called to the condition of the record on another point. The suit was brought against five defendants: Henry Dawson, Sr., Charles M. Poley, Henry Dawson, Jr., Benj. F. Poley and James K. Reider.

The two latter were not served with process, nor was their appearance entered. The pleas were filed in the names of those served, and so was the motion for new trial, care being taken in each case to name the defendants pleading, viz.: Henry Dawson, Sr., Charles W. Poley and Henry Dawson, Jr.

In the orders of court the cause was entitled " Chester L. Bridges v. Henry Dawson, Sr., et al.," and in the body of the order the expression " the defendants " was used.

It is suggested that judgment was rendered against all the defendants, those not served as well as those served.

An appeal bond was filed by all the defendants, and they now assign error upon the judgment for this cause.

If it can be held by a fair construction of the record that there is a judgment against all the defendants, the error is well assigned; but if the judgment is really against those only who were served and pleaded, the action being *ex delicto*, there is no error. If it were necessary to show a judgment in favor of the appellee against Benj. F. Poley and Jas. K. Reider, could it be done by this rec rd ?

By the use of " et al." might of course be included any number of persons. It signifies that there are other coparties indefinite in number, one or more, as the case may be, and with a pleading so styled, if there is nothing to indicate a limitation, it might well be said that all the parties named in the writ would be included in the term " defendants."

This because the pleading is the conscious voluntary act of those who are presumed to know what they are doing and the consequences. In the case before us however, as already stated, care was taken to prevent this result in the plea and in the motion for new trial, by expressly naming the three defendants who were served. It is certain, therefore, the defendants not served did not enter their appearance, and unless the act of the clerk in using the term "defendants" can have some injurious effect upon them they are not included in the judgment. In Gardner v. Hall, 29 Ill. 277, it was held that where there were several defendants, some served and some not, and the clerk in entering up an order used the word "defendants" it would be taken to mean only the defendants served.

Applying this rule of construction to the present record, it could not be said there is a judgment against the two defendants, Benj. F. Poley and Jas. K. Reider, who were not in the court by service or by entry of appearance.

It would be unjust and unsafe to attach such serious results to a ministerial entry which is uncertain and ambiguous as to the number of persons affected.

The safe rule would be to say that it included only those who by their own act or the act of the law had been made the subjects of jurisdiction.

See also Clemson v. State Bank, 1 Scam. 45; Frazier v. Resor, 23 Ill. 88, and Pardon v. Dwire, 23 Ill. 572.

We hold, therefore, that there is no judgment against the two defendants not served, and that the objection urged is not well taken.

The judgment of the circuit court will be affirmed.

Affirmed.