## Gideon A. Price, Plaintiff in Error, v. George J. Marie and Katherine Marie, Defendants in Error.

## Gen. No. 22,979.

1.   JUDGMENT, § 286*—*what is ground for vacation of.* Where, on a motion to vacate a judgment, the return of the sheriff on the *pluries* writ issued against the defendant shows that it had not been served upon him, it is the duty of the court to vacate the judgment.

2.   JUDGMENT, § 196*—*when is valid against one of two defendants.* A judgment against one of two defendants in an action on a promissory note is valid although it is also against his codefendant, of whom the court had not jurisdiction because of lack of service.

3.   JUDGMENT, § 80*—*what constitutes laches in moving to vacate default judgment.* A delay of more than a year and a half on the part of a defendant who had defaulted after pleading to the action in moving to vacate the default judgment is such laches as will preclude relief being afforded him.

4.   PLEADING, § 232*—*what does not affect discretion of trial court to allow amendments.* The discretion of the trial court to allow amendments to pleadings is in no way curtailed because one of the parties is not personally or by counsel before the court.

5.   PLEADING, § 258*—*when defendant cannot complain of amendment increasing ad damnum.* Defendant cannot complain on the ground of surprise of the action of the court in allowing an amendment increasing the *ad damnum* in an action on a promissory note, where it appeared from plaintiff's statement of claim that there

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was more due on the note at the time of trial than the amount of the *ad damnum*.

6. PLEADING, § 258*—*when amendment increasing ad damnum may not be complained of.* Defendant has no cause to complain of the allowance of an amendment increasing the *ad damnum* where it was allowed to save rights and advance justice and is not against any positive rule of law.

7. APPEAL AND ERROR, § 1802*—*when case remanded with directions to expunge erroneous order.* Where it appears on appeal that the trial court was without jurisdiction to enter an order vacating a default judgment, the order will be reversed and the cause remanded with directions to expunge the order from the record.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the March term, 1917. Reversed and remanded with directions. Opinion filed July 2, 1917. Rehearing denied July 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE F. TALTY, for plaintiff in error.

A. D. GASH and A. G. DICUS, for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order vacating and setting aside a judgment for $3,570 in favor of plaintiff and against the defendant George J. Marie. The action was upon a promissory note in which both defendants were makers and plaintiff the payee. The *ad damnum* in the statement of claim was $3,000. The suit was commenced April 21, 1908. Defendant George J. Marie appeared and filed a plea of the general issue and a special plea setting up his discharge in bankruptcy. There was neither service nor appearance of the defendant Katherine Marie. The defendants failing to appear when the case was called for trial, the jury were called and assessed the plaintiff's damages against both defendants at $3,570, upon which verdict there was a judgment entered on the same day.

On the trial of the case plaintiff was allowed to increase the *ad damnum* to $4,000. The amount of the judgment is for the principal and interest due upon the note set forth in the statement of claim at the time the judgment was entered. On October 13, 1915, an execution was issued and a demand made for payment on the defendant George J. Marie on October 22, 1915. This execution was returned *nulla bona* with a schedule of George J. Marie claiming his property as exempt. On May 22, 1916, on notice given and petition filed by the defendant Katherine Marie, the judgment as to her was vacated and set aside on the ground, as alleged by Katherine Marie, that she was not served with process, and at the same time the court ordered the judgment as against the defendant George J. Marie to stand in full force and effect. On July 29, 1916, defendant George J. Marie moved to vacate the judgment as to himself on the principal grounds that he had received no notice of the motion to increase the *ad damnum,* that the note was given without consideration, and that he had been discharged in bankruptcy. On August 18, 1916, plaintiff moved the court to deny the motion to vacate the judgment as to George J. Marie, and on the 14th day of October, 1916, the motion of defendant George J. Marie to vacate the judgment as to him was allowed and the judgment vacated, from which order this review is prosecuted.

It will be observed that from the day the judgment was entered until the defendant George J. Marie moved to vacate the judgment, more than one year and a half had elapsed and the order before us for review was entered one year and nine months after the judgment was entered. There is no fact stated in the petition of George J. Marie to vacate the judgment in an attempt to excuse the delay in making the motion. At the time Katherine Marie made her motion to vacate the judgment as to her, the return of the sheriff upon the *pluries* summons issued against her showed that

it had not been served upon her. Therefore the court in entering the judgment against Katherine Marie was without jurisdiction so to do, hence it became the duty of the court to vacate the judgment as to her.

The judgment against the defendant George J. Marie was valid notwithstanding it was also against his co-defendant, of whom the court had not jurisdiction.

In *Pardon v. Dwire,* 23 Ill. 573, a judgment against the defendants in an ejectment suit where one of them had not been served, it was held that the judgment was proper as against the one served, who appealed, and simply void as to the other defendant, and that if the judgment had been rendered against defendant in the singular number, it would have been held applicable to the defendant who was served and who was making defense.

In *Gardner v. Hall,* 29 Ill. 277, a case against four defendants, one of whom was not served, the clerk recited in the final order that the defendants appeared, and it was held that this entry referred to those only who had been served.

In *Dawson v. Bridges,* 19 Ill. App. 280, in a suit against five defendants, two of whom were not served and did not appear, and the judgment was against the defendants, it was held that the judgment was only against those who by their own act or by the act of the law had been made the subjects of jurisdiction.

The judgment being proper as against the defendant George J. Marie, the Municipal Court was without jurisdiction to vacate it after a lapse of thirty days from its entry. Defendant George J. Marie attempts to bring himself within the exception clause of section 21 of the Municipal Court Act (J. & A. ¶ 3333), which provides that a judgment may be vacated where a petition to the court states grounds for vacating, setting aside or modifying the judgment which would be sufficient to cause such judgment to be set aside or modified by bill in equity, etc.

In *Gallay v. Mathis,* 195 Ill. App. 170, it was held that where a petition to vacate a default judgment does not account for the failure of defendant to file an affidavit of merits within the time allowed, and does not explain why a motion to vacate the judgment was not made within the statutory period of thirty days, the court is without jurisdiction to enter an order vacating the judgment.

While the defendant George J. Marie had pleaded to the action, he defaulted at the trial, and with his presumptive knowledge of the entry of the judgment he waited more than a year and a half before moving to vacate it. This was laches of the grossest kind, against which even a court of conscience could not afford relief.

Upon a trial it is within the sound discretion of the court to allow amendments to pleadings, and such discretion is in no way curtailed because one of the parties is not personally or by counsel before the court. Defendant could not have been taken by surprise, because from plaintiff's statement of claim it appeared that there was more due on the note at the time of trial than the amount of the *ad damnum.* The amendment was allowed to save rights and advance justice and is not against any positive rule of law; consequently, defendant has no cause for complaint. *Miller v. Metzger,* 16 Ill. 390.

The Municipal Court was without jurisdiction to enter an order vacating the judgment against George J. Marie on October 14, 1916, and that order vacating the judgment entered against George J. Marie for $3,570 is reversed and the cause is remanded with directions to expunge the order of October 14, 1916, from the record.

*Reversed and remanded with directions.*