Eⅼɪᴢᴀʙᴇᴛʜ Lᴏʜʀ, Defendant in Error, *vs.* Tʜᴇ H. Bᴀʀᴋ-
ᴍᴀɴɴ Cᴀʀᴛᴀɢᴇ Cᴏᴍᴘᴀɴʏ, Plaintiff in Error.

*Opinion filed June 19, 1929.*

McKᴇɴɴᴀ & Hᴀʀʀɪs, for plaintiff in error.

Jᴏʜɴ Pʀʏsᴛᴀʟsᴋɪ, and Jᴏʜɴ Owᴇɴ, for defendant in
error.

Mr. Jᴜsᴛɪᴄᴇ Sᴛᴏɴᴇ delivered the opinion of the court:

Defendant in error secured a judgment in tort in the
sum of $4200 against plaintiff in error in the circuit court
of Cook county. The declaration alleged that defendant in
error was struck and injured by a certain automobile truck

by reason of the negligent manner in which the truck was managed and operated. It is also alleged that at the time of the accident the truck was owned by plaintiff in error and under the control and management of one Ralph Schwinnen, who was then and there a servant and agent of plaintiff in error. Plaintiff in error and Schwinnen were made defendants. During the trial Schwinnen was dismissed out of the case and the cause continued against plaintiff in error. The Appellate Court, on review, affirmed the judgment, and the cause comes here by writ of *certiorari*.

No question arises on the pleadings nor is any question of negligence raised. The defense urged on the trial and in the Appellate Court was that Schwinnen, the driver of the truck, at the time of the accident was not acting in the scope of his employment and therefore was not the agent of plaintiff in error. It was also urged in the Appellate Court that the trial court erred in admitting the testimony of witnesses concerning a conversation between Henry Barkmann, president of plaintiff in error company, and the driver, Schwinnen, at the police station in the city of Chicago, after the accident. Those points are urged here. In addition it is earnestly contended that the trial court erred in refusing to instruct the jury, at the close of all the evidence, to find the defendant not guilty and in overruling defendant's motion in arrest of judgment, for the reason that the uncontroverted evidence showed that Schwinnen was not within the scope of his employment at the time of the accident.

It appears from the evidence that on October 2, 1924, about 8:30 o'clock in the evening, defendant in error and her sister were struck by plaintiff in error's truck as they were about to cross Lincoln avenue at Addison street, in the city of Chicago. The truck continued down the street, but a police officer climbed into the truck and forced Schwinnen to stop, and, after sending defendant in error and her sister to a hospital, took Schwinnen to the police station.

It was shown by the evidence that plaintiff in error company does a hauling business for the Clarke Coal Company; that about five o'clock P. M. on the day of the accident Barkmann, the president, arrived at plaintiff in error's garage, at 2540 West Huron street, where the truck driven by Schwinnen was kept. Schwinnen had not returned with the truck. Barkmann sent his son, Robert, to make a search for it. One Kelsey, who directed the movement of the trucks, had, between three and four o'clock on that day, directed Schwinnen to take the truck to the garage. Robert Barkmann, son of the president of the company, with another employee, Leo Huspen, drove about the neighborhood where he thought the truck might be found, and about six o'clock discovered it as it was being driven east on Fullerton avenue, having just turned off of Greenview. The intersection of Fullerton avenue and Greenview is eight blocks north and nine blocks east of plaintiff in error's garage. At that time the truck was being driven away from the direction of the garage by two strangers, Schwinnen not then being with the truck. Barkmann followed the truck one block east to Southport, where it turned north, and Barkmann succeeded in having it driven to the curb and stopped. He got out of his car and inquired where Schwinnen was, to which one of the men replied that he did not know. Barkmann thereupon turned the switch and shut off the motor, and, leaving the employee who had been with him to stay with the truck until he returned, he walked across the street to call his father by telephone and report to him that he had found the truck. During his absence the truck again departed, going north on Southport, away from plaintiff in error's garage. Barkmann followed the truck until it circled around back onto Southport, thence to Cortland street, about five blocks in the direction of the garage. When Barkmann again caught up with the truck he found Schwinnen driving and the other two men in it. He asked Schwinnen where he was going, and Schwinnen

replied that he was going to the garage. At the corner of Cortland and Ashland avenue the truck arrived at a railroad crossing along which cars were being switched. By going up onto the sidewalk the truck was driven around the end of a cut of cars, and Barkmann, who was about one hundred feet behind it, was required to wait until the cars had been cleared from the crossing. He then lost sight of the truck, and, after driving about the neighborhood in search of it for a while, returned to the garage and reported to his father, who informed him that the truck had not been turned in. Leo Huspen, an employee of plaintiff in error, who went with Robert Barkmann in search of the truck, corroborated his testimony.

James F. O'Neill, a police officer of the city of Chicago, testified for defendant in error that about 8:25 on the evening of October 2, 1924, he was at the corner of Addison street and Lincoln avenue and saw plaintiff in error's truck, driven, as he afterwards learned, by Schwinnen, going east on Addison street. It turned south on Lincoln avenue and ran into two young women. Defendant in error was taken from under the truck and she and her sister were sent to a hospital. He ordered the driver of the truck to stop, but he proceeded southeast on Lincoln avenue, when witness climbed over the tail-gate and stopped him and took him to the police station. The corner of Addison street and Lincoln avenue is more than thirty-six blocks from plaintiff in error's garage and approximately twenty-six blocks farther from the garage than where Robert Barkmann last saw the truck. While traveling east on Addison street the truck was going away from the garage.

Henry Barkmann, president of plaintiff in error company, while on the stand was asked on direct examination whether he had any conversation with Schwinnen at the police station, to which he replied that he had said to him, "What made you drive north instead of south?" Before the witness completed his answer counsel objected and the

objection was sustained. No other questions were asked of Barkmann on direct examination as to such conversation. It was argued by counsel for plaintiff in error that Schwinnen was a party to the lawsuit and it was therefore a proper question as to him, whereupon counsel for defendant in error dismissed Schwinnen out of the case, and thereupon counsel for plaintiff in error said, "All right then; I will withdraw my question." There was no other question asked on direct examination concerning such conversation. On cross-examination counsel for defendant in error sought to bring out the conversation between Barkmann and Schwinnen. Plaintiff in error's counsel objected that it was not proper cross-examination, but the court ruled that he had asked, "If he had a conversation;" that while the evidence of such conversation was not competent he would allow cross-examination because counsel for plaintiff in error had asked Barkmann whether he had a conversation with him, and that for that reason it was competent for him to tell what the conversation was. It is here contended that in this ruling the court erred.

Counsel for defendant in error in rebuttal placed on the stand two witnesses who testified that they heard a conversation between Henry Barkmann, president of plaintiff in error, and Schwinnen, at the police station, and over objection of counsel for plaintiff in error the witnesses were allowed to state that Schwinnen, in answer to Barkmann's question as to where he had been with the truck, stated that he lost the magneto pencil from the motor and had walked to Leavitt street for a new pencil. In sur-rebuttal plaintiff in error offered the testimony of Martin E. Mullen, captain of police, who stated that he had a conversation with Schwinnen, who told him that after he was through delivering coal he went to his mother's home, had supper, and later came back and picked up the two men who were with him and that they had a drink. Witness further testified: "I believe that he said he was going to meet some girls,

or something, at the time of the accident, with these other two fellows."

Plaintiff in error argues that the introduction of this testimony as to the conversation between Barkmann and Schwinnen was error. Counsel for defendant in error reply that it was a matter brought out in the first instance by plaintiff in error in asking as to the conversation between him and Schwinnen at the police station. It is unnecessary, however, in the consideration of this case to determine whether the admission of this testimony was error, as there is defect in the record which is fatal to the judgment. While it is admitted by plaintiff in error that Schwinnen on that day was its agent and the presumption exists that the agency having been established continues, (*Kavale* v. *Morton Salt Co.* 329 Ill. 445,) such presumption is not evidence. Presumptions are never indulged where established facts exist. They supply the place of facts. When evidence is produced which is contrary to the presumption the presumption vanishes entirely. (*Osborne* v. *Osborne,* 325 Ill. 229; 1 Jones' Com. on Evidence, 75.) Whether Schwinnen was in plaintiff in error's employ at the time of the accident depends upon the facts surrounding that occurrence. The only evidence as to what he was doing at that time was that submitted by defendant in error, which showed him to be at Addison street and Lincoln avenue, more than four and one-half miles from plaintiff in error's garage and not traveling in the direction of the garage at the time of the accident. All of the evidence in the record shows that he was not in the course of his employment but was on a frolic of his own. There was in the record no evidence that he was within the scope of his employment, but all of the evidence, before which the presumption of agency vanished, was that he was without the scope of his employment. Even though the evidence of conversation between Barkmann and Schwinnen be con-

sidered as properly admitted, which we do not decide, it cannot be said to in any way contradict the evidence showing that Schwinnen was outside the scope of his employment at the time of the injury to defendant in error. Statements of Schwinnen made to Barkmann, Sr., at the police station do not disclose whether he lost the magneto pencil and went for another before he saw Barkmann, Jr., at 6:30, or after that time. If before, it does not constitute evidence that Schwinnen was in the course of his employment at the time of the accident, for the reason that he thereafter went on a frolic of his own and was so engaged at the time of the accident, two hours after he escaped from Barkmann. If he got the pencil after he saw Barkmann, Jr., he was on a frolic of his own when he lost the magneto pencil. He had been ordered early that afternoon to return the truck to the garage. He had been apprehended by the younger Barkmann about 6:30 in the evening, whom he told that he was then taking the truck to the garage. Two hours later he was found in company with two other men at the scene of the accident, twenty-six blocks further away from the garage than when young Barkmann saw him. There is no dispute in this evidence. It shows, regardless of losing the magneto pencil, if he did, that he was not in the course of his employment at the time that he struck defendant in error.

At the close of all the evidence plaintiff in error moved for an instruction finding it not guilty. This instruction was refused. This was error. It was error on the part of the Appellate Court to affirm the judgment.

The judgments of the Appellate and circuit courts are reversed. *Judgments reversed.*