W. H. Fogel, Appellee, v. 1324 North Clark Street Building Corporation et al., Defendants. 1324 North Clark Street Building Corporation, Appellant.

Gen. No. 37,571.

Opinion filed December 31, 1934,

John J. McMahon, of Chicago, for appellant.

No appearance for appellee.

Mr. Presiding Justice Gridley delivered the opinion of the court.

On August 25, 1933, plaintiff commenced in the municipal court a 4th class action in tort against the three defendants to recover for the damages done to his parked automobile as the result of another automobile running into it on the night of July 31, 1933, on the south side of Ohio street, west of Michigan avenue, Chicago. On August 26, 1933, the summons, issued to bring in all three defendants, was served on the defendant corporation, and on September 15th it filed its affidavit of merits. During December, 1933, Babson entered his appearance and filed an affidavit of merits. Several alias summonses for Dietz were returned not served, but he entered his appearance on March 3, 1934. Shortly prior to the trial, which was had without a jury on March 16, 1934, plaintiff dismissed the suit as to Babson, who was the owner of the car which ran into plaintiff's car but who was not in it at the time. On the trial plaintiff sought a recovery against both Dietz, the driver of the car, and the defendant corporation, which conducted a garage at 1324 North Clark street, and of which Dietz was an employee. The corporation defended upon the theory that at the time and place of the accident Dietz was not operating the car within the scope of his employment, or upon the business of the corporation, but for a purpose of his own. The court found both the corporation and Dietz guilty, assessed plaintiff's damages at $90, and entered a joint judgment against them in that sum. The corporation alone appealed. Plaintiff has not appeared in this court or filed a brief.

On the trial plaintiff was his only witness. He gave his version of the accident and stated what he heard

Dietz say to a police officer immediately thereafter. And he expressed his opinion of the value before the accident of his car, which, as he testified, he sold after the accident for $20. He did not introduce any evidence showing, or tending to show, that at the time and place of the accident Dietz was operating the car within the scope of his employment or upon the business of defendant corporation.

For defendants, Babson, Dietz and Joe Fritz gave testimony. Babson testified in substance that he did not witness the accident; that he owned the car which collided with plaintiff's; that he lived at 1242 Lake Shore drive; that he stored the car in the garage of defendant corporation, located at 1324 North Clark street (*northwesterly* from the building in which he resided); and that as part of the garage service rendered by defendant corporation, "my car is picked up and delivered to me between the garage and my home." Dietz testified in substance as follows:

On July 31, 1933, I was employed at the garage of defendant corporation. On my way to work that evening I was accompanied by my girl, named Kosek, whom I left at the beach at the foot of Ohio street, at Lake Michigan. I made an arrangement to pick her up there later in the evening upon receiving a call from her, which came about 11:30 p. m. I left the garage and walked to Babson's house at 1242 Lake Shore drive to pick up his car which I knew was standing there. I obtained the keys to the car from the doorman at that address, got into the car and drove *south* on Lake Shore Drive to Oak street, then *east* to the outer drive along the lake, then *south* to Ohio street at the beach. I there stopped and picked up my girl. Then, *accompanied by her,* I went west on Ohio street to go back to the garage with the car. While going west on Ohio street, near its intersection with Michigan avenue, I struck plaintiff's car, which

was parked along the south side of Ohio street. The time of the accident was about 11:55 p. m. I did not have the consent of my employers, or of Mr. Babson, to use his car for the purpose of picking up my girl.

Fritz, the manager of the garage of defendant corporation, testified in substance that Dietz was one of its employees; that he did not instruct or give his consent to Dietz to use Babson's car for the purpose of "driving his sweetheart around"; that Dietz had no general authority to pick up cars; that it required only a few minutes to pick up Babson's car and drive it to the garage; that the distance from Babson's house to the garage is approximately 4/10ths of a mile *northwesterly* in the *opposite direction* from that in which Dietz traveled after he picked up the car; that the point on Ohio street where Dietz picked up his girl is several miles *southeasterly* from the garage; and that the "recognized blue book value of plaintiff's car immediately prior to the accident was $128."

In view of the evidence we are of the opinion that the trial court was fully warranted in entering a finding and judgment against the defendant, Dietz, in the amount of $90; but we are also of the opinion that the court was not warranted in entering any judgment against defendant corporation. Considering the undisputed evidence, the law of this State and the general current of authority in other jurisdictions, we do not think that defendant corporation is liable to plaintiff for the damage done to his automobile, which was occasioned by the negligence of Dietz, a servant of defendant corporation, in driving Babson's automobile at the time and place and for the purpose shown. In 2 Berry on Automobiles, 6th Ed., sec. 1386, p. 1149, under the heading "Deviation from route or instructions," the general rule is stated as follows: "If the servant steps aside from his master's business, for however short a time, to do an act not connected with

such business, the relation of master and servant is for the time suspended, and an act of the servant during such interval is not to be attributed to the master.'' And we think that the holdings and decisions of our Supreme Court in the following cases are applicable here: *Johanson v. Johnston Printing Co.,* 263 Ill. 236, 240; *Clark v. Wisconsin Cent. Ry. Co.,* 261 Ill. 407, 410; *Lohr v. Barkmann Cartage Co.,* 335 Ill. 335, 340; *Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387, 393. In the *Nelson* case it is said (italics ours):

''The general rule is, that one who is injured by another's negligence must pursue his remedy against the person whose negligence caused the injury. Where, however, the relation of master and servant exists between the person guilty of the negligence and another sought to be held for the resulting damages, the negligence of the servant may be imputed to the master, and he may be held liable for the resulting damages *if the servant guilty of the negligence was at the time acting in the master's business and within the scope of his employment.* Outside the scope of his employment the servant is as much a stranger to his master as any third person.''

In the *Nelson* case it is also said (pp. 396, 397):

''There is no contradiction of the plaintiff's evidence and none of the defendant's. The legal conclusion follows as it did in *Lohr v. Barkmann Cartage Co.,* 335 Ill. 335, in which the defendant was sued for a personal injury caused by the negligent operation of an automobile truck which it owned. It was operated by an employee of the defendant. The defense was that the employee at the time of the accident was not acting within the scope of his employment and was therefore not the defendant's agent. The evidence tended to show that the driver having been ordered to take the truck to the defendant's garage, instead of

obeying the order *went off on a frolic of his own* and at the time of the accident was more than four miles from the garage and traveling in another direction. The ownership of the automobile was shown by the plaintiff and the relation of master and servant between its driver and the owner. The evidence introduced by the defendant as to the directions given to the driver, and his disregard of them, showed that he was without the scope of his employment, and it was held that there was no evidence that he was within the scope of his employment. The defendant moved for an instructed verdict in its favor. The motion was denied and the judgment against the defendant was reversed for error in refusing the instruction. It was admitted by the defendant that the driver was its agent on the day of the accident. In regard to the presumption arising from this admission the court said: 'Such presumption is not evidence. Presumptions are never indulged where established facts exist. They supply the place of facts. When evidence is produced which is contrary to the presumption, the presumption vanishes entirely. (*Osborne v. Osborne,* 325 Ill. 229; 1 Jones' Com. on Evidence, 75.) Whether Schwinnen was in plaintiff in error's employ at the time of the accident depends upon the facts surrounding that occurrence.' "

Our conclusion is that the judgment of the municipal court, appealed from, must be reversed as to the defendant corporation, but this conclusion does not necessitate that the judgment against Dietz also be reversed, on the theory or rule that a joint judgment against two is a unit, and being reversed as to one must be reversed as to the other. (See *McDonald v. Wilkie,* 13 Ill. 22, 26; *Livak v. Chicago & E. R. Co.,* 299 Ill. 218, 226, 227.) As we read certain portions of section 92 of our new Civil Practice Act (Cahill's Stat. 1933, ch. 110, ¶ 220, p. 2162), which became in force

on January 1, 1934, such procedure is not now necessary. It is provided in said section in part as follows:

"In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,—

. . . . .

"(f) Give *any* judgment and make *any* order which ought to have been given or made, and make such other and further orders and grant such relief, including a remandment, a partial reversal, . . . as the case may require."

Furthermore, it is our opinion that this section of the act is applicable to the present cause, which was commenced on August 25, 1933, before said act became in force, but in which the judgment in question was entered on March 16, 1934. In the "Rules of Practice and Procedure," adopted by our Supreme Court on December 22, 1933 (355 Ill. 13) Rule 1 thereof concerns the "Applicability of the Civil Practice Act," and it is therein provided in part as follows:

"All provisions of the Civil Practice Act with respect to review in civil proceedings by the Supreme or Appellate Courts shall apply to orders, determinations, decisions, judgments, or decrees entered by trial courts on or after January 1, 1934. All suits in which a summons has been issued prior to January 1, 1934, but in which no pleadings have been filed by either party prior thereto, shall be governed by the Civil Practice Act."

For the reasons indicated the judgment of $90, rendered by the municipal court on March 16, 1934, against the 1324 North Clark Street Building Corporation and Melvin Dietz, is reversed as to said corporation, but is affirmed as to said Dietz.

*Judgment reversed as to one defendant, but affirmed as to the other defendant.*

SCANLAN and SULLIVAN, JJ., concur.