Harriett A. Gray, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Gen. No. 9,544.

2

Opinion filed December 19, 1940.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and ALBERT E. HALLETT, JR., of Chicago, of counsel.

LATHROP J. HUNT, of St. Charles, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

On March 1, 1937, appellant issued its policy of life insurance to William C. Gray, appellee's husband, in the principal sum of $1,000. On November 11, 1938, he died from the effects of taking potassium cyanide. Appellee was named as beneficiary in the policy. She brought this action for recovery because of appellant's denial of liability under section 5 of the policy, which section is as follows:

"5. Suicide: If the insured, within two years from the date of issue hereof, die by his own hand or act, whether sane or insane, the liability of the company hereunder shall be limited to an amount equal to the premiums which have been received, without interest."

Appellant filed its answer to the complaint wherein it denied liability by virtue of the above section. It alleged that by the terms of the policy, its liability to appellee was limited to the sum of $75.80, which was the amount of premiums that had been paid, and made tender of this amount. The plaintiff made reply to the answer, in which she denied that the insured came to his death by his own hand or act, and denied that appellant's liability was limited to the sum of $75.80.

The cause was heard by jury which returned a verdict for appellee in the sum of $1,000. Appellant brings this appeal from judgment rendered thereon.

The deceased by trade was a tool and diemaker. He had followed this occupation for 18 years. During this time he used potassium cyanide in the process of case-hardening steel. He was acquainted with its deadly properties. The cyanide which he was accustomed to using came in chunk or ball form and not in a powder or crystal form. These balls were approximately one ounce in weight and one inch in diameter. It appears from the evidence that the deceased had been addicted to the excessive use of intoxicating liquors for a number of years; that he would go upon protracted "sprees"; that his employment was becoming uncertain in that he was compelled to change it frequently, and that his work was irregular because of his physical unfitness due to his above habit. It further appears that he suffered from stomach trouble which had been pronounced ulcers. His last day of employment was Nov. 5, 1938. He died on Nov. 11, 1938. During this interim, he continued his drinking habit. In the early afternoon of Nov. 11, he went to a drug store where he purchased one of the balls of cyanide. He stated to the druggist that he wanted it for hardening metal on a gun. That afternoon appellee returned home at about four o'clock. She found the deceased lying upon his bed. Life was extinct. It is undisputed that he came to his death by the taking of cyanide. Part of a ball of cyanide was found upon the window sill near his bed, a glass and spoon were on the dresser and still retained the sediment and odor of cyanide. The evidence shows that the deceased was in the habit of using alka-seltzer tablets and a stomach powder to relieve his distress. Both of these articles were upon his dresser at the time in question. Alka-seltzer tablets are shown to be flat and wafer-like in shape.

Appellant raises two points for reversal. The first, that the verdict is against the manifest weight of the evidence, and the second, that the court erred in giving two instructions to the jury on behalf of appellee. These instructions had to do with the presumption against suicide and advised the jury that when the dead body of a person was found under such circumstances and with such injuries that the death might have resulted from negligence, accident or suicide, the presumption was against death by suicide, and in favor of death by one of such other causes, and that the burden was upon the defendant to overcome this presumption.

Appellant refers to the case of *New York Life Ins. Co. v. Gamer,* 303 U. S. 161, 82 L. Ed. 726, 114 A. L. R. 1218, in support of its contention that the giving of such instructions was erroneous. That was a case where recovery was sought for double indemnity for accidental death under a life insurance policy, in which the defendant alleged suicide on the part of the insured. There was evidence from which the jury might have found either way. It was there held to be reversible error to charge the jury that the defendant assumed the burden of proving by a preponderance of the evidence that the insured committed suicide. However, a distinction by the above court appears to exist with respect to the burden of proof in life insurance cases where the insurer has insured against death from any cause except suicide, and cases in which the plaintiff avers on an accident policy or on a double indemnity provision of a life insurance policy. The above court in the case of *Home Benefit Ass'n v. Sargent,* 142 U. S. 691, 35 L. Ed. 1160, 1166, adopts the rule that if death from any cause except suicide is insured against, the burden is on the insurer to prove the exception. In the case now before us, death from any cause except suicide appears to have been insured against. Under such circumstances, the burden is on the defendant to prove

the exception. *Ferrero v. National Council of Knights and Ladies of Security,* 309 Ill. 476, 480; *Knights Templars' & Masons' Life Indemnity Co. v. Crayton,* 209 Ill. 550, 557; *Supreme Tent Knights of Maccabees v. Stensland,* 206 Ill. 124; *Wilkinson v. Ætna Life Ins. Co.,* 240 Ill. 205, 212, 214; *American Home Circle v. Schneider,* 134 Ill. App. 604.

We now come to the question whether the verdict is supported by the evidence. Although the general rule is that suicide will not be presumed, such presumption is a rebuttable one and cannot prevail except in the absence of evidence to the contrary. Where facts and circumstances appear which are contrary to such presumption, the presumption is said to vanish. *Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387, 397; *Lohr v. H. Barkmann Cartage Co.,* 335 Ill. 335, 340; *Osborne v. Osborne,* 325 Ill. 229; *Brown v. Brown,* 329 Ill. 198; *Sharp v. Sharp,* 333 Ill. 267; *Coal Creek Drainage & Levee District v. Sanitary District of Chicago,* 336 Ill. 11. Such presumption cannot prevail against evidence sufficient to refute it. Accordingly, the presumption against death by suicide is overcome by proof of circumstances inconsistent therewith, and inconsistent with any other reasonable theory than that of suicide. There are cases of this character where it might be said that judgments have been allowed to stand where the finding by the jury was on mere conjecture that death had been produced by some other circumstance than that of suicide, when all the facts and circumstances existing in the case pointed to and were consistent with the theory of suicide, and inconsistent with any other reasonable theory. This situation is well illustrated in the case of *Agen v. Metropolitan Life Ins. Co.,* 105 Wis. 217; 76 Am. St. Rep. 905.

This case presents a situation of a man who for many years had been accustomed to using cyanide in this form in his daily work. He was also familiar with alka-seltzer tablets and stomach powder, as he had

been using them for stomach distress. We are thus confronted with the deceased's familiarity with these things and the use of them. About two hours before he was found dead, he purchased a ball of cyanide. Part of a ball of cyanide was found in his room. Cyanide had been mixed in a glass. Deposits thereof were still upon the glass and spoon. The only theory upon which the judgment can stand is, that he took the cyanide by mistake, thinking he was taking either an alkaseltzer tablet or stomach powder. In order to do this, we must say that the deceased crumbled cyanide into a water glass from a ball of the substance, when he had had so many years experience in the use thereof, mixed it with water, and drank it, under the mistaken belief that he was using an alka-seltzer tablet or that he was mixing stomach powder. The facts are too inconsistent with the presumption against suicide to permit the presumption to prevail. It is considered that the evidence is sufficient to refute such presumption, in that the facts and circumstances existing in the case point to and are consistent with the theory of suicide and inconsistent with any other reasonable theory.

The verdict therefore must be considered as against the manifest weight of the evidence. The judgment is reversed and cause remanded.

*Reversed and remanded.*