Chicago Title and Trust Company, Trustee, Appellee,
v. Olive A. Leitch, Appellant.

Gen. No. 42,526.

Opinion filed June 21, 1943. Rehearing denied July 6, 1943.

EDWARD H. S. MARTIN, of Chicago, for appellant.

HAROLD L. REEVE and A. EDMUND PETERSON, both of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Dollie F. and Olive A. Leitch executed 80 bonds for the sum of $500 each, payable to bearer, and at the same time executed and delivered to the plaintiff a trust deed by which they conveyed real estate in Cook county to secure the debt evidenced by the bonds. Default was made and plaintiff on demand of the owners filed its complaint to foreclose. With others, Dollie F. and Olive A. Leitch and the owners of unpaid bonds were made defendants. Dollie F., not being within the jurisdiction, was served by publication. Olive A. was within the jurisdiction and was served personally. The

cause was put at issue and referred to a master, who reported the equities were with plaintiff and recommended a decree of foreclosure and sale, which was entered April 1, 1937. The decree was in the usual form with provisions for application of rents pending the redemption period and entry of deficiency judgment. The master sold and filed his report of sale and distribution. It showed a deficiency of $34,753.01 and recommended a deficiency judgment for that amount. The report was approved, and on April 2, 1941, judgment was entered in favor of plaintiff trustee. Inadvertently, judgment was entered against both Olive A. and Dollie F. Leitch. The entry of judgment against Dollie F. was erroneous, since the judgment was a personal one and the court, as we have already seen, did not have jurisdiction of the person of Dollie F.

March 31, 1942, Olive A. Leitch filed her motion to vacate the deficiency decree for the reason, as stated, that it was null and void, first, because the court had never acquired jurisdiction of the person of Dollie F. Leitch, and secondly, because, as she said, all of the indebtedness for which the foreclosure sale was had was paid from the proceeds of the sale, except principal and interest due on bonds of the defendant bondholders. Therefore, Olive A. said, no balance whatever *was due plaintiff*, and the court had no jurisdiction to enter a decree for any balance due to any *defendants* nor jurisdiction to render a decree in the name of plaintiff for the use of any defendant. In support of her motion Olive A. submitted her affidavit.

May 26, 1942, the matter came up on the motion of Dollie F. Leitch to set aside the judgment as to her for want of jurisdiction because she had been served by publication and not personally with original process. She moved that the deficiency judgment be vacated

and set aside as to her without prejudice. The court found that the deficiency judgment entered against defendant Olive A. Leitch was valid and binding upon her; that the name of Dollie F. Leitch was erroneously included in the deficiency judgment. It was therefore "amended and corrected by striking the name of Dollie F. Leitch therefrom . . . leaving said deficiency judgment as against Olive A. Leitch alone, and said deficiency judgment and execution against said Olive A. Leitch is hereby ratified and confirmed as amended; that the motion of Olive A. Leitch to vacate the deficiency decree be and is hereby denied."

August 21, 1942, Olive A. Leitch appealed from that portion of the order entered May 26, 1942, denying her motion to vacate the deficiency decree and amending the deficiency decree so as to make it a deficiency decree or judgment against her alone and confirming and ratifying same, as amended. She asks in this court a judgment reversing that order and remanding the cause with directions to vacate the deficiency decree as to her also.

It is argued the deficiency judgment, as amended, is null and void in that it exceeds the jurisdiction of the court. First, it is said the judgment in favor of plaintiff trustee for the use of defendant owners is erroneous and entered without jurisdiction. Defendant says rightly that the jurisdiction of a chancery court to enter a deficiency judgment is derived solely from section 17, chapter 95 of Ill. Rev. Stat. [Jones Ill. Stats. Ann. 83.17]. She points out that the statute declares and authorizes a deficiency judgment only for money due to the *plaintiff* in the cause. She says that the proceeds of the sale were sufficient to pay all sums due to the plaintiff personally and that the deficiency judgment is for money due only to the plaintiff trustee for the use of the defendant bondholders. Therefore, it is said, the deficiency judgment is without authority of

the statute. Defendant cites *Lewis v. Matteson,* 257 Ill. App. 1, 5; *Okon v. Kaenas,* 222 Ill. App. 45, 48; *Great Western Tel. Co. v. Barker,* 56 Ill. App. 402, 418, 419.

Defendant, while pointing out that this is a direct attack on the deficiency judgment, says that, as a matter of fact, for this reason it could be attacked even collaterally. *Press v. Woodley,* 160 Ill. 433, cited by defendant, is, we hold, directly against her contention, and none of the cases cited sustain it. Plaintiff sued as trustee for the holders of the securities and at their request. The instrument under which it acted was executed and delivered by both Dollie F. and Olive A. Leitch. Plaintiff brought suit in its own name for the use of the defendant creditors.

A similar decree in a foreclosure case was approved by the Supreme Court in *Chicago Title & Trust Co. v. Rogers Park Apts. Bldg. Corp.,* 375 Ill. 599. Defendant undertakes to distinguish, citing *Boddiker v. McPartlin,* 379 Ill. 567, and reminding that a court may not speak authoritatively upon questions not involved in the litigation. This is quite true. However, there the court was construing section 17 of chapter 95, Ill. Rev. Stat., the very section of the same statute we are called upon to construe here (see opinion of the Supreme Court, page 610). We hold the court had jurisdiction to enter a deficiency judgment against Olive A. Leitch.

Defendant next says the original deficiency judgment against Olive A. and Dollie F., jointly, was an entity, and that when set aside as to Dollie, it also ceased to exist as to Olive. A number of cases, the latest of which is *Meldahl v. Wallace,* 280 Ill. 421, 430, are cited. In this last cited case it was held that when a joint decree was reversed on appeal as to the one of the parties, it would also be reversed as to the other. That was the general rule as to both judgments and

decrees announced by the Supreme Court and followed by the Appellate Court of this State in hundreds of cases decided prior to the enactment of the Civil Practice Act (Ill. Rev. Stat., ch. 110 [Jones Ill. Stats. Ann. 104.001 *et seq.*]). Section 92 of that act changed the rule. *Minnis v. Friend,* 360 Ill. 328; *Adkins v. Strathmore Co.,* 278 Ill. App. 183, 185; *Fogel v. 1324 N. Clark St. Bldg. Corp.,* 278 Ill. App. 286, 291, 292; *Nash v. Clark,* 310 Ill. App. 437, 442. It is quite true, as defendant points out, that section 92 is not expressly made applicable to judgments or decrees entered in *nisi prius* courts. However, it has never been held, so far as we are informed, in this court or the Supreme Court, either before or since the enactment of the statute, that where a judgment against two was void as to one of them because of lack of service, the judgment might not be amended to show that fact without setting the decree aside as to both. We held to the contrary in *Price v. Marie,* 207 Ill. App. 112, 114. We cannot conceive of any sound reason for such a rule. This much defendant seems to admit in her reply brief, saying:

"That is just what the court did in the instant case and the point was made by us in our original brief, not to show that the amended deficiency decree would have been void if originally entered against Olive A. Leitch alone, but merely to show that our right of appeal dated from the amended deficiency decree and not from the original, and that if the deficiency decree as so amended exceeded the jurisdiction of the court for the reasons argued in Point I it might still be reversed. Right or wrong there is no doubt that where a decree is amended the time for appeal begins to run at the date of amendment and not at the date of the original decree."

To all of which we agree. We have already held that the deficiency decree, as amended, did not exceed the jurisdiction of the court, for the reasons stated by defendant in Point I or for any other reason, and defendant's appeal has not been dismissed but considered on the merits.

The amended decree will be affirmed.

*Affirmed.*

O'CONNOR, J., concurs.