Helen M. Wellner, Mother and Next Friend, George W. Wellner, Jr., Minor, Appellee, v. New York Life Insurance Company, Appellant.

Gen. No. 43,795.

Opinion filed May 19, 1947. Released for publication June 3, 1947.

Scott, MacLeish & Falk, of Chicago, and Ferdinand H. Pease, of New York, for appellant; Wendell J. Brown and John N. Kern, both of Chicago, of counsel.

William E. Corrigan, of Chicago, for appellee; William E. Corrigan, of Chicago, of counsel.

Mr. Justice Feinberg delivered the opinion of the court.

Plaintiff brought this action in the circuit court of Cook county, against defendant, upon a life insurance policy covering the life of George W. Wellner, and making George W. Wellner, Jr. beneficiary. A trial with a jury resulted in a verdict of $4,375 in favor of plaintiff, upon which judgment was entered, and defendant appeals.

The policy issued October 4, 1943, in the face amount of $2,000, contains the following pertinent provision: "Self-Destruction. In the event of self-destruction during the first two insurance years, whether the Insured be sane or insane, the insurance under the Policy shall be a sum equal to the premiums hereon which have been paid to and received by the Company and no more." The policy also contained a double indemnity clause, the pertinent provision of which is as follows: "The Double Indemnity Benefit specified on the first page hereof shall be payable upon receipt of due proof on forms prescribed by the Company, that the death of the Insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means . . . provided, however, that such Double Indemnity Benefit shall not be payable if the Insured's death resulted, directly or indirectly, from (a) self-destruction, whether sane or insane."

The complaint in one count sought to recover the double indemnity provided for in the policy and charged "That on, to wit, the 2nd day of March, A. D. 1944, the aforesaid George W. Wellner met his death by accidental means while crossing over the Chicago, Milwaukee and St. Paul Railroad Company's right of way, in the town of Morton Grove, County of Cook, and State of Illinois."

Defendant's answer denied liability; denied that the deceased met his death as the result of accidental

means, and alleged that his death was the result of self-destruction.

It appears from the evidence that the insured on March 2, 1944 drove his automobile west across the Chicago, Milwaukee and St. Paul Railroad Company's tracks at the Church street crossing in the town of Morton Grove in Cook county; that he parked his car a short distance west of the railroad tracks on Church street; that he left his car and was seen walking to the railroad tracks, beyond which point there was no eye-witness to the occurrence resulting in the death of the insured, produced to testify. His body was found upon the railroad tracks, some considerable distance from the street crossing. It is admitted that he was struck by one of the fast northbound trains of the railroad.

Plaintiff's theory was that deceased was killed through external, violent and accidental means, while defendant claims that it was a case of suicide or self-destruction, within the meaning of the terms of the policy.

In the view we take of this case, which must result in a new trial, we shall not discuss the evidence nor the questions raised upon this record, whether the evidence sufficiently supports the verdict, or whether the verdict is against the manifest weight of the evidence.

Defendant complains of the following instructions given for plaintiff. ''The court instructs the jury that in actions upon a policy of life insurance the introduction of the policy, together with the proof of the payment of premiums required to be paid and proofs of death of the party insured, and notice and proofs of death thereof to the company, as required by the terms of the policy, is sufficient under the law to make out a prima facie case in favor of the plaintiff and the burden of proof is then cast upon the defendant, if it wishes to avail itself of matters of defense to show such policy was invalid; to introduce evidence thereof and to prove the existence of such defense by a pre-

ponderance or greater weight of the evidence in the case." The other reads: "The jury are instructed that the defendant has interposed in this case an affirmative defense that the insured committed suicide and the law is that the burden of proof thereof is upon the defendant to prove by the greater weight or the preponderance of all the evidence that the insured did commit suicide. If you believe from all the evidence under the court's instructions that the defendant has not proven by the greater weight or the preponderance of all the testimony that the insured did commit suicide, then it would be proper for you to find the defendant guilty."

The last quoted instruction announced an improper rule with respect to burden of proof and has been previously condemned in other cases as erroneous. Under the double indemnity clause, before the plaintiff can recover the burden is upon him to prove that insured's death occurred through external, violent and accidental means. This is the rule clearly laid down in *Fidelity & Casualty Co. v. Weise,* 182 Ill. 496; *Smith v. Metropolitan Life Ins. Co.,* 317 Ill. App. 624, and *Gray v. Metropolitan Life Ins. Co.,* 308 Ill. App. 1. We agree with defendant's position that the first quoted instruction is proper where the plaintiff seeks only to recover the single indemnity. The very cases relied upon by plaintiff, such as *Gray v. Metropolitan Life Ins. Co.,* 308 Ill. App. 1, and *Rogers v. Prudential Ins. Co. of America,* 270 Ill. App. 515, support this view.

In the instructions complained of, no attempt was made to distinguish to the jury the rule of burden of proof with respect to recovery of the single indemnity as distinguished from the claim for double indemnity. As given, these instructions clearly would lead a jury to believe that the burden of proof in this case was upon the defendant under the double indemnity claim, which is not the law announced in the cases cited.

■ ■ Another instruction complained of, given for plaintiff, reads: "The court further instructs the jury that proof of a motive for suicide merely weakens the presumption against suicide and is not in itself sufficient to establish the fact of suicide." We regard this instruction as erroneous. It undertakes to determine for the jury the weight to be attached to evidence tending to prove a motive for suicide. This was properly the province of the jury and not of the court. It was for the jury to say in the instant case, whether the evidence tending to prove a motive for the claimed suicide, taken together with all the other circumstances in the case, was sufficient to overcome the legal presumption against suicide. It also unduly singles out from all the evidence this item of evidence introduced by defendant to prove a motive for the claimed suicide. *West Chicago St. Ry. Co. v. Petters*, 196 Ill. 298, 300; *McLaren v. Byrd, Inc.*, 296 Ill. App. 345, 357.

■ ■ Another complaint urged by defendant, and which we shall discuss so that it may not be repeated upon a new trial, is the improper conduct of counsel for plaintiff in his closing argument to the jury. He said: "Mr. Corrigan: . . . We also established the fact that on the right-of-way of the Chicago, Milwaukee and St. Paul Railroad in the vicinity of where Mr. Wellner was found, there was real estate for sale. I might say to you also that the individual that owned it could not recall any deals with Mr. Wellner. I did not produce that particular witness. He said, 'I might have. I don't remember it.' So I said, 'Stay home—' Mr. Brown: Wait a minute. That is not in the record, is it, Counsel? Mr. Corrigan: No. It is in my argument."

The defendant is entitled to a fair trial, free from prejudicial conduct of counsel, who in an argument undertakes to supply facts, or an inference favorable to the plaintiff not based upon any evidence in the record. Substantially the same type of argument was

held prejudicial and reversible in *Appel v. Chicago City Ry. Co.*, 259 Ill. 561, 569.

Another statement made by counsel for plaintiff in his closing argument to the jury, to which defendant objected, is "Now, fortunately, at this particular stage of the game, why, the New York Life Insurance Company, or any other large corporation stands on an even keel or stands even Stephen with an individual, as Mrs. Wellner and at this particular time, why, they don't have the advantage of their vast resources to secure photostatic copies—."

Particular objection is made to the reference to the vast resources of the defendant. Though it may be common knowledge that the defendant is a company of vast resources, it does not justify emphasis of that fact in an argument to the jury, which can only have a tendency to prejudice the jury against this defendant. Similar statements in closing arguments to a jury were condemned in *Chicago Union Traction Co. v. Lauth*, 216 Ill. 176; *Williamson v. Hirsh, Stein & Co.*, 147 Ill. App. 500; *Westbrook v. Chicago & N. W. Ry. Co.*, 248 Ill. App. 446, and upon a retrial of this cause should not be repeated.

Because of the errors indicated, the judgment of the circuit court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

O'CONNOR, P. J., and NIEMEYER, J., concur.