**Olaf LUND, Plaintiff-Appellee,**

v.

**JED PRODUCTS COMPANY, a Michigan corporation, Defendant-Appellant.**

**No. 13343.**

United States Court of Appeals Seventh Circuit.

Sept. 26, 1961.

Rehearing Denied Oct. 27, 1961.

L. H. Vogel, Chicago, Ill., Robert B. Johnstone, Chicago, Ill., Dom J. Rizzi, Chicago, Ill., of counsel, for appellant.

John A. Hyde, Chicago, Ill., for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

In accordance with a jury's verdict, the district court entered a judgment for $15,000 against Jed Products Company, a Michigan corporation, defendant, and in favor of Olaf Lund, plaintiff, in his suit for personal injuries following an automobile accident on January 2, 1959, when plaintiff was hit by a car driven by an employee of defendant. Liability of the defendant was admitted and the amount of damages was the only question presented to the jury. Defendant offered no evidence at the trial.

It asserts that it was deprived of any possibility of a fair trial by the deliberate, persistent and repeated allusions to plaintiff's allegedly impoverished condition and that the district court committed an abuse of its discretion in denying defendant's motion for a new trial.

On direct examination, Weaver, a witness for plaintiff was asked, in reference to plaintiff, "did he ever return and attempt to do the work?" An objection to the question was overruled and the witness answered: "Well, he tried to handle the oxy-acetylene hoses in his original duties, and he was unable to hang them up and move them around to work on them." A motion to strike this answer was denied.

A further question put to the witness was as to whether plaintiff ever received any pay other than from the payroll, to which Weaver responded: "Well, I made loans to him because of—" at which point the court sustained an objection.

In response to a question as to whether the witness had seen plaintiff engage in any activity, the witness also stated: "Well, I saw that in everything he did he was not able physically to—", at which point the court sustained an objection but announced "you may tell what he appeared not to be able to do". This elicited the following: "He appeared not to be able to lift his arm above chest height, and he appeared not to be able to turn his neck to either side or to move his neck forward and backward." A motion to strike this answer on the grounds that it was a conclusion was denied.

Dr. William F. McNabola, on direct examination by plaintiff's counsel, said: "As I can recollect, there was a problem of finances—". An objection to this remark was sustained.

Plaintiff during direct examination was asked how he felt at the time he left the hospital and, after giving a responsive answer, he added: "I wanted to go home. I didn't want to be in the hospital. I didn't have money to pay for it." Defendant's motion to strike was sustained, the witness was admonished accordingly and defense counsel moved for a mistrial, which was denied. The court instructed the jury to disregard the statements "not in response to the question and on a matter that had already been ruled out once before".

Later plaintiff was asked by his counsel "how long did you take the pills?" The answer was "I took them until I run out of money". An objection was sustained. A motion for a mistrial was again denied and the jury was instructed to disregard all statements by plaintiff as to his financial condition.

During direct examination, plaintiff was asked if the Erection Sales and Leasing, for whom he worked at the time of the accident, had any retirement or pension plan in effect at the time of the injury. His answer was "No". There was an objection by defense counsel, as well

as a renewal of his motion to withdraw a juror and declare a mistrial. After hearing arguments, the court instructed the jury to disregard both the question and the answer, and the trial proceeded.

After verdict, defendant's motion for a new trial was overruled.

Defendant argues that the situation presented at the trial was one obviously designed to occasion sympathy, and was one in which improper conduct tending to fan the flames and further incite sympathy necessarily had to be avoided if defendant was to receive any semblance of a fair trial. He relies on Klotz v. Sears, Roebuck & Co., 7 Cir., 267 F.2d 53, 54, in which we reversed a judgment because of improper remarks of plaintiff's counsel during a trial. One of these remarks was: "Back in 1956 Sears, Roebuck and Company bought Mr. Klotz' eye. It is your job today to decide what he is going to sell it for." Counsel also cites several Illinois cases [1] for the purpose of illustrating the impropriety of allusions to the penniless or destitute condition of plaintiff.

We consider it significant that in all of the cited cases, as well as Klotz, the improper allusions were made by *counsel* for plaintiff. In the case at bar the objectionable evidence occurred in testimony of a witness, who was in no instance a lawyer. This fact and the context of the answers indicate to us that the testimony to which defendant objects was spoken inadvertently and without improper intent. In view of the trial court's admonishment to the jury to disregard these answers, we are satisfied that the jury was not influenced by this evidence in arriving at its verdict. If it be concluded that the matters complained of should not have been uttered, we think that, as we said in Mutual Life Ins. Co. of New York v. Tormohlen, 7 Cir., 118 F. 2d 163, 166, they were not of sufficient importance to justify a reversal of the judgment.

Evidently as an afterthought, defendant, just before the concluding paragraph of its reply brief, has urged that the verdict was grossly excessive. Our attention is not directed to any evidence upon which this contention is based. A review of the record fails to support the contention.

Defendant had a fair trial. The district court did not abuse its discretion in denying defendant's motion for a new trial. As a matter of law the verdict and judgment must stand.

Judgment affirmed.

---

1. Appel v. Chicago City Ry. Co., 259 Ill. 561, 102 N.E. 1021; Westbrook v. Chicago & N. W. Ry. Co., 248 Ill.App. 446, at page 450; and Wellner v. New York Life Ins. Co., 331 Ill.App. 360, 73 N.E. 2d 156.